(164 App. Div. 617)

ROSENBAUM v. ROTH et al.   (No. 6479.)

(Supreme Court, Appellate Division, First Department.   December 4, 1914.)

BILLS AND NOTES (§ 354*)—CONSIDERATION—BONA FIDE PURCHASERS—PAYMENT OF VALUE—PARTIAL RECOVERY.

Where the indorsee of a note, before maturity and without notice of defenses, gave to the indorser three checks for that note and two others, the amount of the checks being about one-half the face of the notes, and retaining 50 per cent. of the notes for his security until they were paid, he gave value therefor, so as to be entitled to recover one-half of the note from the maker, under Negotiable Instruments Law (Consol. Laws, c. 38) § 93, notwithstanding the fraud of the indorser.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 904, 905; Dec. Dig. § 354.*]

Appeal from Trial Term, New York County.

Action by Samuel Rosenbaum against Paul Roth and others.   Judgment for defendant Roth, who alone was served with summons, and plaintiff appeals.   Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

Samuel S. Kogan, of New York City, for appellant.
William Godnick, of New York City, for respondent.

CLARKE, J.   The complaint alleges: That on or about July 29, 1913, the defendant Paul Roth executed his promissory note in writing to the order of Gilbert Metals Selling Company for $636.18 for value received, payable four months after date, with interest, and delivered the same to the ·payee therein named.   That thereafter and before maturity the said defendant Gilbert Metals Selling Company and the defendant Joseph M. Gilbert indorsed said note, and thereafter and before maturity said note, so indorsed, was delivered by the said Gilbert Metals Selling Company and Joseph M. Gilbert to the Acme Gas & Electric Fixture Company.   That thereafter, at the maturity of said note, the same was duly presented for payment by the Acme Gas & Electric Fixture Company above referred to, which said company was then the last indorsee and the holder thereof, and payment demanded, but payment was refused, whereupon said note was duly protested for. the nonpayment thereof at the expense of $1.35, of all of which due and timely notice was given to all and each of the above-named defendants.   That no part of said note, nor the protest fees thereof, has been paid.   That after said note was protested, but before the commencement of this action, the aforementioned Acme Gas & Electric Fixture Company, the last payee of said promissory note, sold, assigned, and transferred unto this plaintiff its claim on said promissory note·against ·the above-named defendants.   That the above-named plaintiff is now in the possession of said promissory note and is the true holder thereof.

The only defendant served with process was Paul Roth.   At the opening of the case plaintiff's counsel said: "We claim one-half of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the face amount of the note." The defendant admitted the making of the note, and the note, its indorsements, notice of protest, and assignment were all admitted in evidence.

Reduced to its ultimate analysis, and accepting the defendant's story at its face value, the transaction is this: That Roth, needing money, gave Gilbert a note, under Gilbert's promise to him to have it discounted and give him the proceeds for his use; that Gilbert gave him no proceeds of this note, but diverted it to his own use.

The plaintiff's assignor's story is that Gilbert represented to Weill that this was a merchandise note, and that Gilbert was unable to discount it himself, and requested Weill to do it for him and let him have the money; that Weill finally agreed to do so upon the representation that he could hold 50 per cent. thereof as security until the note was paid; that Weill thereupon had the note discounted and gave Gilbert 50 per cent. thereof; that all these transactions were before maturity, and Weill therefore now claims a recovery of the amount actually advanced the value actually given in good faith, and before maturity, without the knowledge of the transaction between Gilbert and Roth, and without knowledge of the diversion by Gilbert.

The court let in much testimony about a previous transaction with a third party under a promise to connect which was not kept, under objection and exception, and denied a motion to strike it out. He also refused to strike out the testimony of Roth as to his arrangement with Gilbert and the Gilbert Metals Selling Company, because there was no evidence that it was ever called to the attention of the plaintiff or the plaintiff's assignors. He denied a motion for the direction of a verdict for the plaintiff. He did charge, however, upon request of the plaintiff:

"That there is absolutely no evidence in this case of any notice to the Acme Gas & Electric Fixture Company, or Mr. Weill, as to any arrangement that Mr. Roth might have had with the Gilbert Metals Selling Company or Mr. Gilbert, and that there is no claim on the part of the defendant that any such notice was given." ·

But he declined to charge right after that:

"That the plaintiff is entitled to recover in this case, unless the jury is satisfied that the taking of the note in question by Mr. Weill, or the Acme Gas & Electric Fixture Company, amounted to bad faith; otherwise, they are entitled to recover."

The court also charged the jury:

"It is my recollection that there was no consideration given by Mr. Weill to Mr. Gilbert upon receiving said note. I think that there was some testimony given about some previous note transaction between Gilbert & Weill; but it is not my recollection that there was any moneys owing to Mr. Weill, or in fact owing to Gilbert, because of such transaction. So, therefore, if my recollection of the testimony is correct, there was no consideration paid by Weill as representing the plaintiff company, the Acme Gas & Electric Fixture Company, for the note in question."

This was excepted to. The testimony was that at the time Weill got the paper he gave three checks in payment of this note and two other notes, that the amount of these three notes was $2,595.51, and

that the amount of the checks handed over which appear as Exhibits 4, 5, and 6 were $1,282.21.

It appearing, therefore, that the value had been given for the note, and it appearing, as the court charged, that there was no evidence of any notice to plaintiff's assignor of any arrangement between Roth and Gilbert, plaintiff was entitled to the charge requested that he was entitled to recover, unless the jury was satisfied that the taking of the note in question by Weill or the Acme Gas & Electric Fixture Company amounted to bad faith.

Section 95 of the Negotiable Instruments Law provides:

"To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect or knowledge of such facts that his action in taking the instrument amounted to bad faith."

Section 93 thereof provides:

"Where the transferee receives notice of any infirmity in the instrument or defect in the title of the person negotiating the same before he has paid the full amount agreed to be paid therefor, he will be deemed a holder in due course only to the extent of the amount theretofore paid by him."

The judgment and order should be reversed, and a new trial directed, with costs to appellant to abide the event. All concur.

---

(164 App. Div. 586)                In re EMMET.

In re RICHMOND RADIATOR CO.

(No. 6335.)

(Supreme Court, Appellate Division, First Department. December 4, 1914.)

1. INJUNCTION (§ 223*)—VIOLATION—CONTEMPT—PROCEEDING BY CREDITORS —SURETY COMPANY—LIQUIDATION OF AFFAIRS.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 448–473; Dec. Dig. § 223.*]

2. INJUNCTION (§ 232*)—VIOLATION—PUNISHMENT—LOSS.

Where the superintendent of insurance, liquidating the affairs of a New York surety company, was not shown to have suffered any pecuniary loss or injury by respondent's institution of a proceeding in Virginia to enforce a claim against the surety company's deposit in that state, which was in violation of an injunction issued in the New York liquidation proceeding, a judgment imposing a fine, in so far as it included a sum as compensation to petitioner, was erroneous, under Code Civ. Proc. § 2284, providing that, where it is not shown that such an actual loss or injury

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes