■ ISRAEL MERCADO et al., Respondents, v. PEDRO FIGUEROA et al., Appellants.— Order, entered January 26, 1966, unanimously reversed, on the law, with $50 costs and disbursements to defendants-appellants, and motion for summary judgment denied. In this action by passengers to recover for personal injuries, there exists a triable issue as to the alleged negligence of the defendant driver. In opposition to the motion, the driver has submitted an affidavit stating that he was going about 40 miles an hour when his car "slipped and skidded" on the wet roadway; that, then, after striking two mail boxes, he "tried to put the car back on the road but the car skidded again and went into a culvert and the car turned over. * * * At the time I started to skid I applied my brakes but could not stop. * * * there was nothing wrong with the brakes." On basis of these facts — the skidding of the vehicle and its leaving the road — the plaintiffs would not have a case entitling them to a recovery as a matter of law. The question of defendants' negligence would be one of fact for a jury. (*Pfaffenbach* v. *White Plains Express Corp.*, 17 N Y 2d 132; *Galbraith* v. *Busch*, 267 N. Y. 230; *Lahr* v. *Tirrill*, 274 N. Y. 112; *Lo Piccolo* v. *Knight of Rest Prods. Corp.*, 7 A D 2d 369, affd. 9 N Y 2d 662.) Defendant driver's alleged admissions tending to establish negligence on his part, including his plea of guilty (by mail) to a speeding infraction, are not conclusive and are subject to explanation upon a trial; and the weight to be given the admissions must be determined by a trier of the facts. (See *Ando* v. *Woodberry*, 8 N Y 2d 165; *Arinsky* v. *Arsinskiy*, 280 App. Div. 820; *Polakoff* v. *Hill*, 261 App. Div. 777, 780.) Because of the inadequacy of the record and a failure to raise the questions at Special Term, we do not pass on the merits of the contention of defendant National Car Rental System, Inc., that neither statute nor the doctrine of *respondeat superior* is applicable to hold it responsible for the alleged negligent acts of the defendant-lessee driver. Concur — Rabin, J. P., Stevens, Eager, Steuer and Witmer, JJ.