■ MAURICE BONHEUR et al., Respondents-Appellants, v RAMADA HAULAGE, INC., et al., Respondents, and JOHN F. MCLOUGHLIN, Appellant-Respondent.—In a negligence action to recover damages for personal injuries, etc., plaintiffs and defendant McLoughlin cross-appeal from an interlocutory judgment of the Supreme Court, Queens County, dated March 8, 1979, which is (1) in favor of plaintiffs and against defendant McLoughlin and (2) in favor of defendants Ramada Haulage, Inc., and Jackson and against plaintiffs, upon a jury verdict after a trial limited to the issue of liability only. Interlocutory judgment reversed, on the law, and new trial granted, with costs to abide the event. Two of the plaintiffs were passengers in a taxicab owned and operated by defendant McLoughlin when it made contact with a truck owned by defendant Ramada Haulage and operated by defendant Edward Jackson. The testimony adduced on behalf of the plaintiffs was simply that they were in the cab at the time of impact and that they were unsure whether the vehicle was moving at the time. McLoughlin stated that he was stopped, waiting to pay a toll, and that the Jackson vehicle tapped him in the rear. Witnesses for Ramada Haulage stated that the cab rolled backwards about three to four feet and tapped the then stationary truck. The defendants were agreed that the degree of contact between their

vehicles was minor and that neither the cab nor the truck was damaged. Prior to summations, the court granted plaintiffs' motion for a directed verdict, leaving for the jury the determination of which defendant(s) should be held liable. Consequently, plaintiffs' counsel did not address the jury in summation. However, when commencing its charge to the jurors, the court instructed them in part that the issue to be decided is "which of the defendants, if any, if either are negligent." The jury commenced its deliberations and returned a verdict which absolved all defendants of negligence. The trial court refused to accept such verdict and reinstructed the jury that the plaintiffs had won their case and that the jury's sole responsibility was to determine which defendant(s) was at fault. The jury subsequently returned with a verdict against the cab driver McLoughlin, exonerating the other defendants. We believe that the trial court erred: (1) by directing a verdict in favor of plaintiffs; and (2) by instructing the jurors that they had to find someone guilty of negligence. There is no question that plaintiffs established a prima facie case and that they were free from contributory negligence as a matter of law. However, it is insufficient for the plaintiffs to prove merely that an accident has occurred. They also bear the burden of establishing by a preponderance of the credible evidence that a particular defendant, or group of defendants, was actually guilty of some negligent act or omission which was the proximate cause of the injuries sustained by the plaintiffs. On the instant record, the issue of each defendant's liability was a question of fact which should have been left entirely for the jury. It is within the exclusive province of the jury to assess the proof adduced at trial, and if the proof does not preponderate against one or all of the defendants, the jury may return a verdict against the plaintiffs. It was therefore improper to direct a verdict in favor of the plaintiffs. The issue of liability should have been submitted to the jury, without restriction, and without relieving the plaintiffs of the onus of establishing actionable negligence by a preponderance of the evidence. Necessarily, the plaintiffs should have been permitted to sum up and, had the jury returned a verdict in favor of all defendants, the trial court might have been "justified had it ordered a new trial on the ground that such findings, in effect a verdict that none of the defendants was liable, was against the weight of the evidence" (see *Thrower v Smith,* 62 AD2d 907, 913). Damiani, J. P., Mangano, Rabin and Gulotta, JJ., concur.