■ ELBA JONES, Appellant, v DAVID W. WISSENBACH, Respondent. — Appeal from that part of an order of the Supreme Court at Special Term, entered September 12, 1980 in Schoharie County, which, *inter alia*, denied plaintiff's motion for summary judgment and, alternatively, plaintiff's motion to examine two nonparty witnesses. Special Term properly denied plaintiff's motion for summary judgment in this negligence action arising out of an accident involving an automobile operated by defendant and the plaintiff, a pedestrian. On August 2, 1977, at about 7:00 A.M., the 18-year-old defendant and two younger teen-age passengers were driving from Cobleskill to Oneonta, New York, to attend summer school. The 50-year-old plaintiff, an employee of the S. J. Groves Construction Company, was about to start his day's work as a flagman. There was a dense fog which hampered visibility. According to defendant, he was proceeding on his own side of the roadway guided by a white line along the shoulder of the road and a crease in the middle of the road, when a barricade "popped up" about two feet in front of the car. He was then traveling at about 25 to 30 miles per hour. He could see only about 15 feet in front of the car. Upon seeing the barricade, he braked, turned to the left, struck the barricade and apparently the plaintiff before bringing his vehicle to a stop. Defendant testified he never saw plaintiff until after he stopped his car and saw him roll off the car's hood. Plaintiff is unable to recall the events of the collision because of his injuries. Although it is clear that summary judgment is available in a negligence action in a proper case (see *Andre v Pomeroy*, 35 NY2d 361), we conclude, upon the facts in this record, that defendant's negligence has not been established as a matter of law. Issues of fact are present which cannot be disposed of on motion and plaintiff is not entitled to summary judgment (*Ugarriza v Schmieder*, 46 NY2d 471). Plaintiff moved, in the alternative, for an order pursuant to CPLR 3101 (subd [a], par [4]) allowing examination of four nonparty witnesses. Special Term granted the motion as to defendant's two passengers but denied it as to James Beekman, an eyewitness, and W. P. Crandall, a State trooper who investigated at the scene of the accident. Plaintiff appeals from so much of the order as denied examination of Mr. Beekman and Trooper Crandall. Special Term should have granted the motion to depose Beekman and Trooper Crandall. Disclosure should be *liberally* granted in cases where the information sought is material, meaningful, relevant and necessary (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403). "As for the requirement, pursuant to CPLR 3101 (subd [a], par [4]) of special circumstances necessary to permit disclosure of a nonparty witness, the mere showing by respondents' attorney 'that he needs such witness's pretrial deposition in order to prepare fully for the trial should suffice as a "special circumstance" ' " (*Matter of Catskill Center for Conservation & Dev. v Voss*, 70 AD2d 753, 754). The proof indicates Trooper Crandall has been transferred to another State Police barracks since the accident and that admissions of defendant contained in the accident report filed by the trooper are now denied by defendant. The proof also reveals that James Beekman

observed the position of plaintiff at the time of impact. Order modified, on the law and the facts, by reversing so much thereof as denied plaintiff's motion to examine nonparty witnesses James A. Beekman and W. P. Crandall, and leave granted to conduct an oral examination before trial under oath of said witnesses at a time and place to be mutually agreed upon by the attorneys for the respective parties, and, as so modified, affirmed, with costs. Mahoney, P. J., Main, Mikoll and Weiss, JJ., concur.

Yesawich, Jr., J. concurs in part and dissents in part in the following memorandum. Yesawich, Jr., J. (concurring in part and dissenting in part). CPLR 3101 (subd [a], par [4]) requires that "adequate special circumstances" exist before disclosure of a nonparty is permitted. In my view, Special Term correctly concluded that plaintiff has not satisfied that mandate for the nonparty witness James Beekman had voluntarily furnished plaintiff with an oral statement and Trooper Crandall had not been communicated with at all. The order should be affirmed.