■ TADFORD J. STANTON, Appellant, v BRENDA A. RITZ et al., Respondents. — Appeal from so much of an order of the Supreme Court at Special Term (Hughes, J.), entered October 9, 1981 in Schoharie County, as denied plaintiff's motion for summary judgment on the issue of liability. This is an action to recover damages for personal injuries suffered in a motor vehicle accident which occurred on a northbound lane of the New York State Thruway in the Town of Woodbury, Orange County, at approximately 12:15 A.M. on April 29, 1981. While attempting to pass plaintiff's tractor trailer, defendants' Saab motor vehicle struck the tractor in the left front area, allegedly forcing it off the highway into a rock ledge. At the time, the tractor trailer was traveling slower than the Saab, which was proceeding at less than the posted speed limit. The roadway was wet and the downpour was variously described as a driving or hard rain. An answer to the complaint has been interposed and a bill of particulars was mailed on August 20, 1981. Disclosure devices have not yet been resorted to. The summary judgment motion, initiated three days after the

bill of particulars was served, is principally based on plaintiff's affidavit, detailing his version of the accident, written statements given by Brenda Ritz, the Saab's operator, to two different insurance companies wherein she acknowledged inability to control the car and that it slid into the tractor's left front tire, and on her plea of guilty to the charge of changing lanes unsafely (Vehicle and Traffic Law, § 1128, subd [a]). In reply, Brenda Ritz avers that although it was raining, visibility was good and her decision to pass, prompted as it was by plaintiff's erratic driving, was prudent. Furthermore, she swears she was traveling at a safe and reasonable speed for the circumstances, that her vehicle was not only under proper control but, contrary to plaintiff's assertion, was in "superb mechanical condition". Her response also suggests that a torrent of water rushing onto her vehicle, apparently occasioned by the absence of a mudflap on the tractor trailer, and other forces exerted on her car and beyond her control (reference is made in one of her statements to her vehicle hydroplaning because of the wet pavement), contributed to the accident. Triable issues of fact being presented, Special Term correctly refused to grant summary judgment (*Jones v Wissenbach*, 80 AD2d 962; *Mercado v Figueroa*, 25 AD2d 726). Nor do we accord conclusive effect to Mrs. Ritz' guilty plea to the traffic infraction, with the accompanying $15 fine, made by mail, for the defendant should be afforded an opportunity to explain at trial her reason for so pleading (see *Gilberg v Barbieri*, 53 NY2d 285; *Mercado v Figueroa, supra*). Order affirmed, with costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.