OPINION OF THE COURT
Eli Wager, J.
The plaintiff in this action seeks to recover damages from defendant and third-party plaintiff C. Schmidt & Sons, Inc. (Schmidt), which brews, bottles and distributes beer, and from defendant McCrory’s for injuries allegedly sustained when a glass bottle containing Schmidt’s beer exploded at a picnic sponsored by McCrory’s. It appears that no one has possession of the bottle’s fragments or its cap and that neither plaintiff nor Schmidt can identify the bottle’s manufacturer. Schmidt has commenced a third-party action against five manufacturers of glass bottles, who are its sole suppliers, alleging that if plaintiff sustained injuries, such injuries were caused by the negligence of one of them and that all can be held liable on a theory of “concerted action” since each of them manufactures glass bottles pursuant to industry-wide standards and specifications promulgated by a trade association. Schmidt also alleges breach of warranty, strict products liability and it seeks a judgment against all five, each of their shares to be “in proportion to his share of the nonreturnable glass bottle business he enjoyed from c. schmidt & sons, INC.,” or in the alternative an apportionment of damages.
The five third-party defendants now move for summary judgment (and other relief), claiming that Schmidt’s inability to identify which of them manufactured the defective bottle is fatal to its third-party action.
Pleading in the alternative is, of course, permissible when plaintiff does not know who among several persons has wronged him although he knows one did (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3014:7, p 9) and all such persons may be *842 joined, even in an exploding bottle case (Tarallo v Grossman, 218 NYS2d 867). Nevertheless, as a general rule the plaintiff has the burden at the trial of establishing by a preponderance of the credible evidence that a particular defendant was actually guilty of some negligent act or omission which was the proximate cause of injuries: it is not enough to prove merely that an accident occurred and that one of the defendants must have caused it (see Bonheur v Ramada Haulage, 72 AD2d 801). The rule has been applied in products liability cases (e.g., O’Donnell v Geneva Metal Wheel Co., 183 F2d 733, reh den 190 F2d 59, cert den 341 US 903). However, the courts have promulgated several approaches to the issue of causation in fact in such cases which modify the general rule. One such approach applicable when all possible defendants have been joined is that codified in subdivision (3) of section 433 B of the Restatement of Torts, Second: “Where the conduct of two or more actors is tortious, and it is proved that harm has been caused to the plaintiff by only one of them, but there is uncertainty as to which one has caused it, the burden is upon each such actor to prove that he has not caused the harm.” An example of the application of this theory is Summers v Tice (33 Cal 2d 80) wherein two hunting companions fired their guns independently and negligently in plaintiff’s direction and one of them hit him. If the defendants in such a case cannot resolve the issue of causation in fact among themselves they are held jointly and severally liable. However, the rule (the “alternative liability” rule) applies only where it is proved that each of them acted tortiously; where only one defendant acted tortiously the burden of proving causation in fact remains the burden of the plaintiff (Restatement, Torts 2d, § 433 B, comment g, at p 446).
A second approach is applicable where the actors did not act independently as in the Restatement rule but instead engaged in concerted action. The concert of action theory, available even when not all possible defendants have been joined, proceeds on the notion that “[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrong *843 doer, or ratify and adopt his acts done for their benefit, are equally liable with him” (Prosser, Law of Torts [4th ed], § 46, at p 292). The concept that defendants who engage in concerted tortious action may be jointly and severally liable for injuries to third persons even though one or more may not have been chargeable with a distinct act of negligence is not new in this jurisdiction (see, e.g., De Carvalho v Brunner, 223 NY 284 [racing horses on a public street]; and Finn v Morgan, 46 AD2d 229 [drag racing]). In Finn, the court noted the tort was the race itself and that, if plaintiff failed to prove a race, the burden would be on the plaintiff to establish that the negligent acts of the defendants caused the injury. The concert of action theory is not applicable where the concerted action is not tortious or inherently dangerous (Beaver v Batrouny, 71 AD2d 821).
With the evolution of the law of products liability the concert of action approach has been modified to cover cases where the traditional evidentiary requirements of tort law may be insurmountable (Bichler v Lilly & Co., 79 AD2d 317, affd 55 NY2d 571). In Hall v Du Pont De Nemours & Co. (345 F Supp 353) where the plaintiff children could not identify which manufacturer of dynamite blasting caps produced the cap which injured them because the product had been obliterated by the explosion, the plaintiffs sought to prove concert of action by showing knowledge of the danger and an agreement not to warn of the product’s danger. The court ruled that what it called “control of the risk” could be shown by evidence of an explicit agreement, or evidence of tacit agreement or co-operation or evidence of independent adherence to industry-wide standards. The court directed that the burden of proof of causation be shifted to the defendants, in essence in combining elements of concert of action and alternative liability. Virtually the entire industry and the industry’s trade association had been joined.
Bichler v Lilly & Co. (supra) was a case involving DES (diethylstilbestrol, a prescription drug) brought by the daughter of a mother who had ingested the drug during her pregnancy. Although the plaintiff could not name the particular manufacturer .of the DES taken by her mother, she sought (in a second trial of the issue) to hold Eli Lilly & *844 Co. alone liable as a tort-feasor jointly and severally liable on an expanded theory of concerted action, claiming that the defendant and other manufacturers had wrongfully tested and marketed the drug. On appeal the judgment for plaintiff was affirmed, the Court of Appeals holding that there was sufficient evidence to support recovery by the plaintiff pursuant to either a theory of “concerted action by agreement” or “concerted action by substantial assistance”. The evidence of an agreement was the parallel conduct of the manufacturers who marketed DES without first testing it on pregnant mice and the substantial assistance consisted of Lilly’s aiding and encouraging other manufacturers to do so.
In Sindell v Abbott Labs. (26 Cal 3d 588, cert den 449 US 912), the court modified the alternative liability theory, ruling that if the plaintiff joined the manufacturers of a substantial percentage of the appropriate DES market, each defendant would be liable for a proportionate share of the judgment equal to its proportionate share of the appropriate market. Each defendant would have the opportunity to prove it was not the actual producer. In Abel v Lilly & Co. (94 Mich App 59), the court held that plaintiff’s allegation that all defendants acted in concert to produce and market ineffective and dangerous products (DES) without adequate warnings was sufficient to state a cause of action. Also the allegation that all defendants (all known manufacturers of DES whose products were distributed in Michigan during the relevant time period) acted wrongfully but only one caused harm to the plaintiff was sufficient to state a cause of action under the alternative liability theory.
The common denominator in all these cases is the finding of tortious action by the defendants. Pursuant to the pure alternative liability theory, the conduct of each of the defendants must have been tortious even though they acted independently. Thus in Summer v Tice (supra) both defendants were found to have been negligent and in Sindell (supra), the DES manufacturers’ failure to test was well established. In Hall (supra), the industry-wide standards adhered to by the manufacturers were shown to be deficient in that they failed to include adequate warnings and it was shown that the defendants knew of the product’s *845 dangers. And under the concert of action theory, there must be proof of concerted action to commit a tortious act: as the Restatement comments on concert of action, it is essential that the conduct of the actor be in itself tortious (see Restatement, Torts 2d, § 876, comment on cl [a], at p 316). Thus the tortious activity in the drag racing cases consisted of the race itself and in Bichler the failure of the manufacturers to test was proved.
In the instant case, Schmidt appears to rely primarily on the “enterprise liability” theory espoused in Hall v Du Pont De Nemours & Co. (supra) since it has joined all of its suppliers and has shown their adherence to industry-wide standards (although Schmidt does not seek to shift the burden of proof on the issue of causation to the manufacturers as in Hall but instead seeks to impose liability in proportion to their share of the market as in Sindell, supra). Although the “enterprise liability” theory was rejected in Sindell (and in Ryan v Lilly & Co., 514 F Supp 1004) and has not been adopted in New York, on a prior motion in this case it was determined that the third-party complaint states a cause of action. Since the moving third-party defendants raised the issue of the applicability of the enterprise liability doctrine on that motion, the order is law of the case on the issue and the only question on this motion for summary judgment is whether Schmidt has furnished evidence in support of the theory. Evidence must be produced showing that there is not only a high probability that injury was caused by the tortious behavior of some one of the defendants, but also that the defendants adhered to a dangerous industry-wide safety standard in their manufacture of the injury producing product (comment, 46 Fordham L Rev 963).
On the issue of tortious action by all the manufacturers, Schmidt has proffered almost no evidence. The third-party complaint alleges only that “a” nonreturnable beer bottle exploded and that such bottles are manufactured pursuant to industry-wide standards.
In the bills of particulars served in response to the various demands of the third-party defendants, Schmidt asserts a failure on their part to develop their own specifications to assure that bottles would remain intact in *846 normal use, but there is no discussion of the industry-wide standards themselves. In his affidavit in opposition to this motion, Schmidt’s attorney states on information and belief that “there are more than 10,000 exploding bottle occurrences annually in the carbonated beverages [sic], of which the brewing industry is only a part” and he quotes the statement of an executive of a bottle manufacturer that “100% inspection of bottles does not eliminate all defective items.” He also asserts (on the issue of foreseeability) that “it is apparently statistically impossible to prevent some nonreturnable bottles from reaching the consumer market in defective condition.” Assuming that these statements were made for the purpose of showing that beer bottles are an inherently dangerous product, the mere assertion of the fact is not sufficient to show that the industry-wide standards are defective, e.g., that there was a failure to warn as in Hall (see Restatement, Torts 2d, § 402 A) or a failure to test as in Bichler (supra). A showing of the inadequacy of the industry-wide standards is obviously required regardless of whether Schmidt seeks to impose joint liability on the third-party defendants on a theory of negligence or strict products liability or breach of warranty, for otherwise, at least four of the five third-party defendants might — in the event plaintiff recovered in the main action — be subjected to a Sindell apportionment even though their conduct was in no way tortious.
As an alternative to the theory of concert of action, Schmidt relies on the doctrine of res ipsa loquitur, a species of circumstantial evidence which permits an inference of negligence, thus casting on the defendant the burden of coming forward with an explanation (Richardson, Evidence [10th ed], § 93). The doctrine has been deemed applicable to exploding bottle cases (see Ann., 4 ALR2d 466; Prosser, Torts [4th ed], at p 217; see, also, Willey v Mynderse, 164 App Div 620) and even to such cases where they involve multiple defendants (see Loch v Confair, 372 Pa 212). However, in Loch where the court cast a burden on the defendants (the bottler and the retailer) to establish their lack of negligence, both defendants had had exclusive control of the bottle at some time although not simultaneously. Such seems to be the state of the law in New York *847 where, even though the requirement of exclusive control has been relaxed, it still must be shown that defendant is correctly identified with probability as the party responsible for the negligent conduct (Lindenauer v State of New York, 45 AD2d 73). When the doctrine is applied to multiple defendants, the plaintiff still has the burden to establish the negligence of each defendant against whom the doctrine is sought to be invoked (Cooke v Bernstein, 45 AD2d 497), e.g., it must be shown that they collectively controlled the instrumentality that caused the injury (Corcoran v Banner Super Market, 20 AD2d 552) or shared a common duty (Dullard v Berkeley Assoc. Co., 606 F2d 890). Thus, in the instant case Schmidt cannot have the benefit of this evidentiary rule unless it can make the showing required under the alternative liability or concert of action theories. It is assumed that the court which held that the third-party complaint stated a cause of action found that adherence to industry-wide standards constituted collective control.
It must also be assumed that the question of the applicability of the doctrines of alternative liability and concert of action in a third-party action was raised — or should have been raised — on the prior motion and decided there. And, as an aside, it is noted that the third-party defendants’ assertion that summary judgment is mandated in this case because of the absence of the bottle or its fragments is without merit. Bottle fragments are frequently unavailable in exploding bottle cases, having been swept up and discarded (2A Frumer and Friedman, Products Liability, § 26-02, at p 719) but their unavailability is not fatal to the lawsuit (see, e.g., Escola v Coca Cola Bottling Co. of Fresno, 24 Cal 2d 453). Nor does the destruction of an allegedly defective product (as in the DES cases) necessarily preclude expert testimony (see Noone v Fred Perlberg, Inc., 268 App Div 149, affd 294 NY 680).
Nevertheless, Schmidt has not met the burden imposed upon one opposing a motion for summary judgment (see David Graubart, Inc. v Bank Leumi Trust Co. of N. Y., 48 NY2d 554; Di Falco, Field & Lomenzo v Newburgh Dyeing Corp., 81 AD2d 560). However, it appears that information which might demonstrate tortious action by *848 the bottle manufacturers may be within their exclusive knowledge (see, e.g., Platzman v American Totalisator Co., 57 AD2d 753, revd 45 NY2d 910). Since summary judgment is rarely granted in negligence actions (cf. Jones v Wissenbach, 80 AD2d 962) and since in any event the standard is more flexible for the party opposing the motion (Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065), the motions will be denied with leave to renew following further discovery by Schmidt.
Those segments of the motions relating to preclusion and notices for discovery and inspection are denied as it is indicated by Schmidt that the documents have been served. Similarly, the branch of the motion relating to dismissal or severance on the grounds that the third-party complaint served was unreasonably late is denied. The authority movants cite in support (Falk v Palm Beach Home for Adults, 71 AD2d 963; Shipsey v Kutz, 58 AD2d 827; Vita Food Prods. v Epstein & Sons, 52 AD2d 522) concern third-party actions commenced subsequent to the filing of a note of issue and certificate of readiness in the main action. This is not the instant situation, and, significantly, plaintiff has not joined in this portion of the motions (see Musco v Conte, 22 AD2d 121). Finally, the question of severance should be determined by the Justice presiding over the trial of this action. Accordingly, this branch of the motions is denied.