*45 OPINION OF THE COURT
Daniel F. Luciano, J.
The plaintiffs, Jack and Ray Campagno, commenced this action to recover damages resulting from personal injuries sustained by the plaintiff, Jack Campagno, due to the shattering of an eyeglass lens sold to him by the defendant and third-party plaintiff, Sterling Optical Co., Inc. As a consequence of the injury caused by the allegedly defective lens the plaintiff, Jack Campagno, has suffered blindness in one eye. The defendant and third-party plaintiff, Sterling Optical Co., Inc., has commenced a third-party action against the third-party defendants, American Optical Corporation and Eyeglasses, Inc., and has pleaded that the third-party defendant, American Optical Corporation, is the party which "designed, manufactured, fabricated, assembled and sold” the lens to it.
The third-party defendant, American Optical Corporation, has now moved for summary judgment dismissing the third-party complaint. It is asserted that the third-party plaintiff, Sterling Optical Co., Inc., cannot establish that the third-party defendant, American Optical Corporation, was, in fact, the supplier of the lens which caused the complained of injury.
In support of this motion the third-party defendant, American Optical Corporation, notes that in testifying at his examination before trial on behalf of the defendant and third-party plaintiff, Sterling Optical Co., Inc., Mr. Kenneth Migdol, its vice-president, indicated that the store from which the subject lens had been purchased by the plaintiff, Jack Campagno, dealt with the third-party defendant, Eyeglasses, Inc., which "surfaced the prescriptions”. In addition Ralph Waythaler, president of the third-party defendant, Eyeglasses, Inc., testified that the lenses it ground for the defendant and third-party plaintiff, Sterling Optical Co., Inc., could have been supplied by 5 or 6 different suppliers of which the third-party defendant, American Optical Corporation, was just 1. Thus, it is argued, there is no way to establish that the defendant, American Optical Corporation, was the supplier of the subject lens and, thus, no way in which to establish liability on the part of the third-party defendant, American Optical Corporation.
Opposing the motion for summary judgment the defendant and third-party plaintiff, Sterling Optical Co., Inc., relies on the fact that in testifying, inter alia, that the third-party defendant, Eyeglasses, Inc., did the grinding of lenses for the *46 defendant and third-party plaintiff, Sterling Optical Co., Inc., in April 1980, Kenneth Migdol also testified that part of his testimony was based upon conversations with another vice-president of the defendant and third-party plaintiff, Sterling Optical Co., Inc., Herman Schwartz.
The third-party defendant, American Optical Corporation, has supplied an affidavit of the said Herman Schwartz, sworn to on July 6, 1987, which states, in part:
"During the 1970s and early 1980s, sterling optical corporation maintained its own surfacing operations of which I was specifically responsible. Through the normal course of dealing with wholesale lens distributors and lens manufacturers, I became aware that American optical corporation was the major supplier of glass bifocal photogray lens for eyeglasses, inc. in April, 1980. Since such time, sterling optical inc. has abandoned its own surfacing operations and dealt almost exclusively with eyeglasses, inc. as wholesale lens distributor. I conveyed the above information to Mr. Ken Migdol for deposition purposes.
"Based upon my personal knowledge and belief, American optical corporation was the major supplier of glass bifocal photogray lenses for eyeglasses, inc. in April of 1980, and in all probability furnished the lens involved in this litigation.”
Accordingly, it is contended that the testimony of Ralph Waythaler does not establish an inability to identify the supplier of the lens.
The court cannot agree. In opposing a motion for summary judgment it is incumbent upon a party to lay bare its proof and show the existence of triable issues of fact. (E.g., Berman v Federal Ins. Co., 110 AD2d 803, lv denied 65 NY2d 610.) It must therefore be presumed that the defendant and third-party plaintiff, Sterling Optical Co., Inc., has presented its best evidence in opposition to the motion. Nevertheless, the defendant and third-party plaintiff, Sterling Optical Co., Inc., has provided no stronger evidence than the statement that "in all probability” the third-party defendant, American Optical Corporation, is the party liable. This is not sufficient to resist the motion for summary judgment which is predicated on the ground that the defendant and third-party plaintiff, Sterling Optical Co., Inc., will be unable to prove that the third-party defendant, American Optical Corporation, was the supplier of the subject lens. (See, Morrisey v Conservative Gas Corp., 285 App Div 825, affd 1 NY2d 741.)
*47 The defendant and third-party plaintiff, Sterling Optical Co., Inc., seeks to avoid summary judgment on an alternate ground as well. It is argued that if the industry practice was to produce lenses not traceable to a specific supplier there is a basis for holding the third-party defendant, American Optical Corporation, liable. In the words of the affirmation in opposition: "If they want to hide behind an industry practice which makes it virtually impossible for retailers and ultimate purchasers to determine which of the several manufacturers produced a particular lens, then they should be accountable for such a lens which proves to be defective. Therefore [the defendant and third-party plaintiff] sterling may properly pursue any one joint tort feasor, namely [the third-party defendant] American optical corporation.”
In claiming a basis for such liability the defendant and third-party plaintiff, Sterling Optical Co., Inc., has cited inter alia, Bichler v Lilly & Co. (55 NY2d 571). That case involved liability for the distribution of the drug diethylstilbestrol (DES). There were several manufacturers of the drug and no way to establish which of these had supplied the drug causing the plaintiff’s injury. The Court of Appeals ruled that based upon the concerted action theory liability could be imposed against the defendant who was one of the manufacturers since it participated in an industry-wide practice either by explicit agreement or by consciously parallel behavior which caused the distribution of the drug without proper testing. The Court of Appeals declined to rule upon other theories such as "enterprise” or "market share” liability.
The present case is in some respects similar to that of Centrone v Schmidt & Sons (114 Misc 2d 840) which is cited by the defendant and third-party plaintiff, Sterling Optical Co., Inc. That case involved an injury caused by an exploding bottle which could not be traced to a particular manufacturer.
It is in this case, however, difficult to conclude that the principles discussed in Bichler v Lilly & Co. (supra) and Centrone v Schmidt & Sons (supra) have any application to the present case. This is because it does not appear that the plaintiff, Jack Campagno, or the defendant and third-party plaintiff, Sterling Optical Co., Inc., assert an industry-wide deficiency in the production of eyeglass lenses of the type which shattered and injured the plaintiff, Jack Campagno. If liability is not predicated on an industry-wide deficiency the rules set forth in Bichler v Lilly & Co. (supra) and Centrone v Schmidt & Sons (supra) have no application in this case.
*48 The court is constrained to grant the motion for summary judgment. If all that is asserted on an industry-wide basis is an inability to identify the source of what is essentially a fungible good all members of the industry are not liable for the negligence or other wrongdoing of one of their number who is not identified.
Accordingly, the motion for summary judgment by the third-party defendant, American Optical Corporation, is granted.