■ THOMAS J. FRAHER, JR., et al., Appellants, v JAMES R. MARQUART et al., Respondents. [605 NYS2d 710] —Order affirmed with costs. Memorandum: Under all of the circumstances, the question of defendant James R. Marquart's negligence was an issue of fact properly submitted to the jury and the jury's determination is not against the weight of the evidence. The jury reasonably could have determined that defendant was not negligent in making his left turn into the driveway. There was testimony that, before making his turn, defendant had stopped, rolled down his window to listen for vehicles approaching and heard nothing, and that plaintiff Thomas J. Fraher, Jr., drove through the fog at a speed of 50 miles per hour without his headlights on. The jury could have found that, before making his turn, defendant took reasonable precautions and that he could not reasonably have anticipated that someone would drive through the fog at such a rate of speed without headlights on.

All concur except Callahan, J. P., and Fallon, J., who dissent and vote to reverse in the following Memorandum.

Callahan, J. P., and Fallon, J. (dissenting). We disagree with the majority's determination. There is no reasonable view of the evidence that can support a determination that defendant was not negligent and that his negligence was not a proximate cause of this accident. Thus, Supreme Court erred in not granting plaintiffs' motion to set aside the verdict and grant judgment notwithstanding the verdict *(see,* CPLR 4404 [a]).

There is no dispute about the facts. This was a daytime accident during conditions that were less than favorable because of fog. The majority fails to disclose that on a motion prior to trial plaintiffs were granted summary judgment determining that plaintiff Thomas J. Fraher, Jr. (plaintiff) was not negligent in any manner in regard to the happening of this accident. Plaintiff had the right-of-way and was not required to anticipate that a vehicle headed in the opposite direction

would cross over into his lane of traffic *(Gouchie v Gill,* 198 AD2d 862 [decided herewith]; *Palmer v Palmer,* 31 AD2d 876, 877, *affd* 27 NY2d 945). Because plaintiff was not negligent, as a matter of law, it belies logic for the majority to base their conclusion on the fact that "defendant took reasonable precautions and that he could not reasonably have anticipated that someone would drive through fog at such a rate of speed without headlights on." Plaintiff was proceeding within the speed limit during daylight. Furthermore, defendant admitted making a left-hand turn into plaintiff's lane of traffic when he was unable to see if it was safe to proceed. It is obvious that it was not safe to proceed, because as soon as defendant put his vehicle into that opposite lane, the collision occurred. Therefore, "there is simply no valid line of reasoning and permissible inferences which could possibly lead * * * to the conclusion reached by the jury" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Set Aside Verdict.) Present—Callahan, J. P., Green, Fallon, Boomer and Davis, JJ.