■ GARY J. LUCK, Respondent, v ALFRED R. TELLIER et al., Appellants. (Action No. 1.) NANCY GERRARD, Respondent-

Appellant, v ALFRED R. TELLIER et al., Appellants-Respondents. (Action No. 2.) (And a Third-Party Action.) [634 NYS2d 814] —Yesawich Jr., J. (1) Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered September 9, 1994 in Clinton County, which, *inter alia,* granted plaintiff's cross motion for partial summary judgment on the issue of defendants' liability in action No. 1, and (2) cross appeals from an order of said court, entered September 28, 1994 in Clinton County, which, *inter alia*, granted plaintiff's cross motion for partial summary judgment on the issue of defendants' liability in action No. 2.

These actions arise from an accident that occurred on July 6, 1991 when a pickup truck owned by defendant Keeseville Hardware, and driven by defendant Alfred R. Tellier, in the course of his employment with defendant Adirondack Hardware Company, Inc., collided with a motorcycle owned and operated by plaintiff Gary J. Luck, on which plaintiff Nancy Gerrard was riding as a passenger. Plaintiffs were traveling on State Route 9N, between Keeseville and Clintonville in Clinton County, when Luck's vehicle struck Tellier's vehicle, which had been proceeding in the opposite direction on the two-lane highway, and in the process of turning left to enter a gas station had crossed in front of Luck's vehicle.

Plaintiffs, both of whom were injured, commenced separate lawsuits charging defendants with negligence and, in Luck's case, trespass to chattel. In defense, Tellier—who, after the accident, pleaded guilty to violating Vehicle and Traffic Law § 1141 (failing to yield the right of way when turning left)—denied that he was negligent, claiming that it was foggy and raining at the time of the collision, and that he never saw the motorcycle because its light was "dim". Defendants also raised the affirmative defense of culpable conduct on the part of each plaintiff.

After depositions were conducted, plaintiffs each moved for summary judgment on the issue of defendants' negligence and to dismiss the affirmative defenses charging them with culpable conduct. Finding no question of fact with respect to defendants' negligence, Supreme Court granted plaintiffs' cross motions in this regard, but left the matter of their comparative negligence, if any, for the factfinder. Defendants appeal and Gerrard cross-appeals from so much of the court's order as refused to find her faultless.*

On this record, it cannot be concluded that Tellier was

---

* Luck does not challenge Supreme Court's finding that the reasonableness of his conduct presents a question of fact.

negligent as a matter of law. While his plea of guilty is evidence that he did, indeed, violate the Vehicle and Traffic Law (*see, Ando v Woodberry*, 8 NY2d 165, 171), and constitutes a sufficient basis for a finding of negligence (*see, Gamar v Gamar*, 114 AD2d 487, 488; *Tomaselli v Goldstein*, 104 AD2d 872, 872-873; *Stanisz v Tsimis*, 96 AD2d 838), that plea does not foreclose defendants from claiming, as they do, that the violation did not actually occur or was excused (*see, Ando v Woodberry, supra*, at 171; *Stanton v Ritz*, 87 AD2d 735, 736). Viewed most favorably to defendants, the record evidence raises a question as to whether the combination of adverse weather conditions and the dimness of Luck's headlight (which, though not proof of negligence on his part [*see*, Vehicle and Traffic Law § 381 (1) (b)], may nevertheless be considered when determining whether Tellier acted with due care) prevented Tellier from seeing the motorcycle until it was too late to avoid the collision. If so, the factfinder could conclude that Tellier "exercised reasonable care in an effort to comply" with the statute and, thus, that his failure to do so should be excused (*Aranzullo v Seidell*, 96 AD2d 1048, 1049; *see, e.g., Fraher v Marquart*, 198 AD2d 796, *appeal dismissed* 83 NY2d 847).

Gerrard should, however, have prevailed on her motion to dismiss defendants' allegation of culpable conduct on her part. She established, through her deposition testimony as well as that of Luck, that as a passenger on the motorcycle she had no occasion or opportunity to say or do anything to avoid the accident. In opposition, defendants tendered no evidence whatsoever indicating that Gerrard was aware of a dangerous situation, or of the impending collision, or acted other than a reasonably prudent passenger would have in the circumstances then prevailing. There being nothing in the record—apart from defense counsel's speculations—that could support a finding that Gerrard was in any way imprudent, summary judgment should have been awarded with respect to the question of her culpability (*see, Petryszyn v Di Fulvio*, 185 AD2d 405, 406; *Knorr v City of Albany*, 68 AD2d 982, 983-984; *cf., Nelson v Nygren*, 259 NY 71, 75-76).

Cardona, P. J., Mikoll, Crew III and White, JJ. concur. Ordered that the orders are modified, on the law, without costs, by denying plaintiffs' cross motions for partial summary judgment on the issue of defendants' liability; order entered September 28, 1994 further modified by dismissing the affirmative defense in the answer premised on Nancy Gerrard's culpable conduct; and, as so modified, affirmed.