■ TIMOTHY CULLIPHER, Appellant, v TRAFFIC MARKINGS, INC., Respondent, and MICHAEL E. NILES, II, Appellant. (Appeal No. 2.) [689 NYS2d 878] —Appeals unanimously dismissed without costs (*see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988; *see also, Chase Manhattan Bank v Roberts & Roberts,* 63 AD2d 566, 567; CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.

■ TIMOTHY CULLIPHER, Appellant, v TRAFFIC MARKINGS, INC., Defendant, and MICHAEL E. NILES, II, Appellant. (Appeal No. 3.) [688 NYS2d 866] —Judgment unanimously reversed on the law without costs and motion denied. Memorandum: Defendant Michael E. Niles, II, contends that Supreme Court erroneously granted plaintiff's motion for summary judgment on the issue of liability because questions of fact exist regarding Niles' negligence (based on Niles' own negligence or through circumstances created by defendant Traffic Markings, Inc.) and plaintiff's culpable conduct (whether plaintiff was properly "diligent" in taking actions to avoid the accident). We agree.

Summary judgment is a drastic remedy and will be granted only if there is no doubt as to the existence of any triable issues of fact (*see, Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). "[N]egligence actions do not ordinarily lend themselves to summary disposition because, even if the parties agree on the facts, the reasonableness of defendant's conduct is a question for the jury" (*Merkley v Palmyra-Macedon Cent. School Dist.,* 130 AD2d 937, 938, citing *Ugariza v Schmieder,* 46 NY2d 471, 475).

The fact that Niles pleaded guilty to a violation of the Vehicle and Traffic Law is sufficient to support a finding of negligence but does not under the circumstances of this case

warrant granting summary judgment to plaintiff (*see, Luck v Tellier,* 222 AD2d 783; *LaForge v All Am. Car Rental* [appeal No. 1], 155 AD2d 873). (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Hurlbutt, Scudder and Callahan, JJ.