RICHARD SHAW, an Infant, etc., by PERCY SHAW, His Guardian ad Litem, Respondent, *v.* BENJAMIN SKOPP, Appellant.

Second Department, November 25, 1921.

Motor vehicles — action for careless and negligent operation of automobile — evidence remote and incompetent — ability to drive automobile is not subject of opinion evidence.

In an action against the defendant based upon his careless and negligent operation of an automobile, it was error to admit the testimony of a witness who said he saw the defendant driving his automobile unsteadily at a point from one-half to one mile distant from the place of the accident, for the place at which the witness saw the defendant driving was too remote from the place of the accident to justify the conclusion that the unsteadiness continued until the accident happened. It was also error to admit the testimony of a witness who volunteered the statement that in his opinion the defendant was incompetent to drive an automobile, since the question of defendant's competency to drive an automobile was not raised by the pleadings and is not one that is the subject of opinion evidence. Furthermore, the witness was not shown to be qualified to give an opinion.

APPEAL by the defendant, Benjamin Skopp, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 9th day of July, 1921, upon the verdict of a jury for $20,000, and also from an order, entered in said clerk's office on the 30th day of June, 1921, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*E. C. Sherwood* [*Clarence S. Zipp* and *Benjamin C. Loder* with him on the brief], for the appellant.

*Elias Bernstein,* for the respondent.

JAYCOX, J.:

The plaintiff has recovered a verdict against the defendant based upon the contention that the defendant managed and operated his automobile carelessly and negligently. A witness for the plaintiff testified to seeing the defendant driving a big limousine, and volunteered the statement that when he passed the trolley car upon which the witness was riding " he shot in to the right, right sharp in front of the car, and there was a machine coming up, and he went in in order to avoid the machine coming up, and he went on against the curb — he zigzagged in the road three or four times before he came to the West Brighton Station." The witness testified that this happened from one-half to one mile distant from the place of the accident. The defendant duly moved to strike this testimony out, and when the motion was denied excepted to the ruling. Another witness for the plaintiff upon cross-examination volunteered the statement that in his opinion the defendant was incompetent to drive an automobile. The defendant also moved to strike this out, and, upon the motion being denied, excepted. We regard both of these rulings as erroneous. The place at which the witness saw the defendant driving his automobile unsteadily was too remote from the place of the accident to justify the conclusion that this unsteadiness continued until the accident happened. The question of defendant's competence to drive an automobile was not raised by the pleadings and is not one that is the subject of opinion evidence. In any event, the witness was not shown to be qualified to give an opinion. The case was an exceedingly close one and these errors, therefore, cannot be overlooked.

The judgment and order should be reversed and a new trial granted, costs to abide the event.

BLACKMAR, P. J., RICH, PUTNAM and KELLY, JJ., concur.

Judgment and order reversed and new trial granted, costs to abide the event.