■ DONALD V. ARMONDI, Respondent, v. JULIAN JOHNSON, Appellant.— Appeal from a judgment of the Chenango County Court entered after a trial by jury awarding respondent $532.79 for property damage and dismissing

appellant's counterclaim. This lawsuit arises from an automobile collision on the morning of February 18, 1958 on a two-lane rural road in the Village of Oxford, Chenango County, N. Y. On the day previous to the accident there had been a very heavy snowstorm and there were high snowbanks along the side of the road at the point of the collision. The accident occurred when the respondent backed into the road from between eight-foot snowbanks bordering his driveway, and appellant skidded into the rear of his car. The closeness of the questions of fact involved is demonstrated by the fact that a previous trial of the same case had ended in a mistrial when the jury could not agree on a verdict. A second jury resolved the issues of fact in favor of respondent but appellant alleges reversible error on the part of the Trial Judge in that he charged verbatim, to the prejudice of appellant, subdivision 1 of section 56 of the Vehicle and Traffic Law which had been declared unconstitutional by the Court of Appeals as "too vague" and "indefinite" prior to the date of the accident in question (*People* v. *Firth*, 3 N Y 2d 472). We are constrained to agree. Subdivision 1 of section 56 provided as follows: "No person shall operate a motor vehicle or a motor cycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property." It is not necessary here to find the charge improper solely because the statute was declared unconstitutional. Prejudice exists because by charging the provisions involved the jury could have found appellant negligent on the mere fact that he was unable to prevent his car from colliding with respondent's car, no matter what the circumstances happened to be (see *Griffiths* v. *Delaware & Hudson Co.*, 238 App. Div. 246). As the Court of Appeals said in *Firth* (*supra*, p. 475) : " As to the second prohibition, the only possible meaning is that a speed is unlawful unless it permits the car to be stopped without injuring anyone or anything. That amounts to saying that if, under any circumstances, the driver is unable to bring his car to a stop without injuring someone or something, he has been driving too fast." Thus we have interjected here a standard of care beyond reasonable care which, without benefit of the statute, was improper on the part of the trial court. That, in fact, it was prejudicial is indicated by the statement of the foreman that "the jury believed that the defendant was negligent in not having his car under control." Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.