■ CORT L. STINEHOUR, Appellant, v JONATHAN D. KORTRIGHT et al., Respondents.—Mercure, J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 25, 1989 in Ulster County, which denied plaintiff's motion for partial summary judgment on the issue of liability.

This action arises out of a collision between an automobile driven by plaintiff and a dump truck operated by defendant Jonathan D. Kortright (hereinafter defendant). Following joinder of issue and depositions of plaintiff and defendant, plaintiff moved for partial summary judgment on the issue of liability. Supreme Court denied the motion upon the ground that defendant's response to a notice to produce, indicating that an expert would testify that the accident was caused solely as a result of plaintiff's negligence, created a factual issue precluding a grant of summary judgment. Plaintiff appeals.

We reverse. On the motion, plaintiff submitted his affidavit, the affidavit of his attorney and the testimony of plaintiff and defendant at an examination before trial. The evidence shows that just prior to the accident, plaintiff and defendant were traveling on Center Street in the Village of Ellenville, Ulster County, approaching its intersection with United States Route 209 from opposite directions. Defendant entered the intersection just as the traffic light turned from green to yellow and,

at a time when plaintiff was approximately 120 feet from the intersection, initiated a left turn onto Route 209. In so doing, defendant drove directly into the path of plaintiff's vehicle. Plaintiff immediately applied his brakes but was unable to avoid the collision with defendant's truck. By defendant's own admission, although he had previously seen plaintiff approaching the intersection, when the traffic light turned yellow he directed his eyes to the left, to look up Route 209, and did not see plaintiff again until his car was "underneath" the truck. In our view, this evidence established defendant's liability as a matter of law (see, Vehicle and Traffic Law § 1141; *Pickard v Koenigstreuter,* 70 AD2d 693, *appeal dismissed* 48 NY2d 652; *Hotine v Monett,* 137 NYS2d 727, *affd* 3 AD2d 836).

Defendant contends, however, that it was plaintiff's excess speed which caused, or at least contributed to, the accident. We find no competent evidence in the record to support this position. Needless to say, defendant's conclusory hearsay statement that an expert would testify that plaintiff's negligence caused the accident was of no probative value since the evidence relied upon to defeat summary judgment must be in admissible form (see, *Zuckerman v City of New York,* 49 NY2d 557, 562; *see also, Vermette v Kenworth Truck Co.,* 68 NY2d 714, 717). Moreover, even if we were to accept defendant's testimony, though arguably lacking a proper foundation (see, Richardson, Evidence § 364, at 333 [Prince 10th ed]), that plaintiff approached the intersection at a speed of approximately 35 to 40 miles per hour, slightly in excess of the posted speed limit of 30 miles per hour, there was no evidence that plaintiff's excess speed was a proximate cause of the accident. Rather, a fair reading of the evidence submitted on the motion supports a finding that plaintiff could not have avoided the collision even if traveling at the posted speed limit. "While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party" (*Morowitz v Naughton,* 150 AD2d 536, 537). Thus, Supreme Court should have granted plaintiff's motion for partial summary judgment on the issue of liability.

Order reversed, on the law, with costs, motion granted and plaintiff awarded partial summary judgment on the issue of liability. Mahoney, P. J., Weiss, Mikoll, Levine and Mercure, JJ., concur.