■ CLIFFORD E. RICE et al., as Coadministrators of the Estate of BRIAN RICE, Deceased, Appellants, v BETH MASSALONE, Respondent.—In an action to recover damages for wrongful death resulting from a motor vehicle accident, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Tisch, J.), entered July 29, 1988, which, upon a jury verdict, is in favor of the defendant and against them.

Ordered that the judgment is affirmed, with costs.

On November 29, 1983, at approximately 9:45 P.M., the defendant was traveling west on Route 25 and stopped at the intersection of Route 111 to make a left turn. The plaintiffs' son was traveling east on Route 25 on a motorcycle. The defendant started to execute her left turn across the two lanes of eastbound traffic when the plaintiffs' son's motorcycle collided with the defendant's car and the plaintiffs' son was killed. The motorcycle made contact with the right front passenger door of the defendant's car. After a trial, the jury returned a verdict for the defendant finding that she was not negligent.

Prior to the service of the summons and complaint in the instant action, the New York State Department of Motor Vehicles conducted a hearing to inquire into this fatal accident. At the hearing, the defendant and the first police officer to respond to the scene of the accident testified. A representative of the plaintiffs stated that they were not seeking the imposition of any sanctions against the defendant. The Administrative Law Judge found that the defendant violated Vehicle and Traffic Law § 1140 (a) by failing to yield to the right-of-way.

On appeal, the plaintiffs contend that the trial court erred in refusing to admit the findings of the Administrative Law Judge on the theory of collateral estoppel. The requirements for the application of collateral estoppel are that (1) the issue with respect to which preclusion is sought must be identical with the issue decided in the prior proceeding, (2) the issue was necessarily decided in the prior proceeding, and (3) the litigant who will be held precluded in the present proceeding had a full and fair opportunity to litigate the issue in the prior proceeding (see, Capital Tel. Co. v Pattersonville Tel. Co., 56 NY2d 11, 17, citing Gilberg v Barbieri, 53 NY2d 285, 291). At bar, the defendant did not have a full and fair opportunity to litigate the issue of her alleged violation of Vehicle and Traffic Law § 1140 (a). Although two attorneys appeared for the defendant at the hearing, the incentive to litigate was not as compelling at the hearing as it was at the trial. At stake at the hearing was the defendant's guilt or innocence of a traffic infraction, while the issue at the trial was the defendant's potential liability for over $2,000,000. Only two witnesses testified at the hearing whereas several additional eyewitnesses to the accident testified at trial. Thus, the trial court properly refused to apply the doctrine of collateral estoppel to the determination of the Administrative Law Judge (see, Gilberg v Barbieri, supra, at 292-293).

The plaintiffs contend that it was error for the trial court to permit a witness to the accident to testify concerning the decedent's reckless operation of the motorcycle at a point distant from the scene of the accident (see, Shaw v Skopp, 198 App Div 618). The plaintiffs argue that this testimony was highly prejudicial and of no probative value. We disagree. This witness's testimony established that the decedent was operating the motorcycle at a speed of approximately 40 to 50 miles per hour in a 30-mile-per-hour speed zone and that he was weaving in and out of lanes of traffic. This witness's testimony consisted of a series of observations beginning from 1½ miles away from the accident scene to the accident scene itself. Thus, this witness's testimony was probative and was properly admitted into evidence.

The plaintiffs also contend that the jury's verdict should be set aside because it was irrational and against the weight of the evidence. A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached the verdict upon any fair interpretation of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 498; Nicastro v Park, 113 AD2d 129). The evidence adduced at trial

showed that the defendant was stopped at the intersection waiting to make a left-hand turn. She saw a truck and a car approaching but felt that she could execute her turn before their arrival. Given the decedent's excessive speed and lane changing, the jury could have found that the motorcycle was not in the intersection or so close as to constitute a hazard when the defendant entered the intersection to execute her turn (see, Vehicle and Traffic Law § 1141). Thus, the jury's verdict is not against the weight of the evidence. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.