■ Susan Hornacek, Respondent, v Timothy O. Hallen-beck et al., Respondents, and Capital District Basketball Association, Inc., et al., Appellants.—Mikoll, J. P. Appeals (1) from an order of the Supreme Court (McDermott, J.), entered September 24, 1991 in Albany County, which, *inter alia,* denied a motion by defendants Capital District Basketball Association, Inc. and Derrick Rowland for summary judgment dismissing the complaint against them, and (2) from an order of said court, entered November 13, 1991 in Albany County, which, *inter alia,* denied said defendants' motion for renewal.

Plaintiff was injured on April 17, 1987 while a passenger in a vehicle driven by defendant Derrick Rowland and owned by defendant Capital District Basketball Association, Inc. (herein-after CDBA) when the vehicle was struck on the passenger side by a vehicle driven by defendant Timothy O. Hallenbeck. After plaintiff certified that discovery was complete and filed a note of issue, Rowland and CDBA moved for summary judgment dismissing the complaint against them. This motion was denied on the ground that the motion was premature in that Rowland had not yet been deposed. Supreme Court was advised on August 24, 1991, while the motion was still pending, that Rowland had been deposed. Nonetheless, the court denied summary judgment and on September 3, 1991 ordered Rowland to submit to a deposition. A subsequent motion to renew the summary judgment motion was also denied. Supreme Court found that although the movants provided the court with a justifiable excuse regarding the failure to present Rowland's examination on the prior summary judgment motion, triable issues of fact existed requiring a trial. Rowland and CDBA appeal.

We reverse. The motion for summary judgment should have been granted. It was based on affidavits of plaintiff, Hallen-beck and Rowland. The following uncontroverted facts emerged. Plaintiff and Rowland had attended a movie on the night of the accident. After stopping for a snack, they proceeded north on Quail Street in the City of Albany with Rowland in the driver's seat and plaintiff in the front passenger seat. Neither had imbibed any alcoholic beverages on this evening. According to plaintiff, Rowland was going about 30 miles per hour. At the intersection of Quail and Third Streets, Rowland's vehicle was struck on the passenger side by a car driven by Hallenbeck. Hallenbeck's vehicle had emerged from Third Street, an intersecting one-way street, on which Hallen-

beck was traveling in the wrong direction. Third Street had a stop sign controlling entry into Quail Street. Quail Street was a through street. Hallenbeck pleaded guilty to violating Vehicle and Traffic Law § 1127 for driving the wrong way on a one-way street. Rowland averred that he observed the intersection before entering it, caught sight of the moving Hallenbeck vehicle one or two seconds before impact and was unable to avoid it even though he attempted to do so. Hallenbeck stated that he had looked both ways and entered the intersection quickly. He failed to see the imminently approaching Rowland vehicle which he struck in the area of the passenger door.

In light of the uncontested facts, it is evident that the accident was caused solely due to the negligence of Hallenbeck. Plaintiff has failed to set forth any culpable acts on Rowland's part contributing to the accident. Rowland cannot be held responsible for failing to avoid the accident given the unanticipated entry of Hallenbeck into the intersection and the creation thereby of an emergency situation. Any error in judgment on Rowland's part in trying to avoid the accident does not make him accountable for the collision *(see, Tenenbaum v Martin,* 131 AD2d 660). It was incumbent on plaintiff to submit evidence in admissible form, creating an issue of fact as to Rowland's negligence *(see, Stinehour v Kortright,* 157 AD2d 899, 900). Having failed to do so, Rowland and CDBA are entitled to summary judgment as a matter of law.

Yesawich Jr., Mercure, Crew III and Harvey, JJ., concur. Ordered that the orders are reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Derrick Rowland and Capital District Basketball Association, Inc. and complaint against said defendants dismissed.