■ JILL M. McGRAW et al., Respondents, v JOSEPH F. RANIERI, Appellant. [608 NYS2d 577] —Casey, J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered March 24, 1993 in Franklin County, which granted plaintiffs' motion for partial summary judgment on the issue of liability.

At issue on this appeal is whether Supreme Court erred in granting summary judgment to plaintiffs on the issue of defendant's liability for the injuries sustained by plaintiff Jill M. McGraw (hereinafter plaintiff). The action arises out of a two-car accident which occurred when defendant's vehicle attempted to make a left-hand turn at an intersection and was struck by plaintiff's vehicle. The accident occurred during daylight; the weather was clear and the roads were dry. Plaintiff was driving westbound and defendant was driving

eastbound on State Route 11B in Franklin County. The posted speed limit was 55 miles per hour. The intersection with County Road 5 was controlled by a flashing yellow light. Both parties were familiar with the intersection.

At her examination before trial (hereinafter EBT), plaintiff testified that she was traveling at approximately the speed limit as she approached a rise in the road that obstructed her view of the intersection. She slowed her vehicle to about 45 miles per hour as she reached the crest of the hill and "coasted" downhill toward the intersection. She could see defendant's vehicle approaching the intersection from the west. She was almost in the intersection, traveling at about 40 miles per hour, when defendant turned into the westbound lane. Plaintiff slammed on her brakes and struck the side of defendant's vehicle while in the westbound lane.

At his EBT, defendant testified that he stopped at the intersection with his turn signal on, checked for traffic in three directions and began to turn. He never saw plaintiff's vehicle. The police officer who investigated the accident issued a ticket to defendant for violation of Vehicle and Traffic Law § 1141, which requires that the driver of a vehicle intending to turn left within an intersection yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard. Defendant entered a plea of guilty of the offense charged in the ticket.

Although summary judgment is a drastic remedy and there is considerable reluctance to grant it in negligence actions, the motion should be granted when there is no genuine issue to be resolved at trial (*Andre v Pomeroy*, 35 NY2d 361, 364). We are of the view that this is one of those negligence actions where summary judgment is appropriate. Defendant's conviction of violating Vehicle and Traffic Law § 1141 cannot estop him from claiming in this action that he was not negligent (*see, Gilberg v Barbieri*, 53 NY2d 285), but his guilty plea, as an admission that he did the act charged, is some evidence of negligence (*see, Ando v Woodberry*, 8 NY2d 165). Defendant's guilty plea and the other evidence submitted by plaintiff concerning the circumstances surrounding the accident demonstrate that plaintiff's vehicle was so close to the intersection as to constitute an immediate hazard and that defendant turned left in the intersection without yielding the right of way to plaintiff's vehicle, as required by Vehicle and Traffic Law § 1141. Plaintiffs, therefore, met their burden of establishing their entitlement to judgment on the issue of liability

as a matter of law *(see, Burns v Mastroianni,* 173 AD2d 754; *Stinehour v Kortright,* 157 AD2d 899).

In view of the sufficiency of the evidence submitted by plaintiffs, defendant was obligated to produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his defense or demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Defendant failed to meet his burden. According to defendant, he should be given the opportunity to explain his guilty plea to the jury so that the jury can decide the weight to be given the plea *(see, Ando v Woodberry, supra,* at 171). In opposition to plaintiffs' motion, however, defendant offered no explanation for his guilty plea. When asked at his EBT if he had pleaded guilty to failure to yield the right of way in making a left turn, defendant merely answered that he did not know because he never looked at the ticket.

Nor did defendant submit any evidence to support his claim that plaintiff's vehicle was not so close to the intersection as to constitute an immediate hazard when he began his turn. Defendant refers to what he claims to be the short distance between the crest of the hill, where plaintiff's vehicle would first have been visible, and the intersection, but there is no evidence of the distance other than some widely divergent estimates by the parties who admitted that they were not good at making such estimates. In any event, defendant testified that he never saw plaintiff's vehicle, even though it was plainly there to be seen when he made the turn, and he admitted that he was looking to the left when he turned, watching a vehicle in a gas station on the northwest corner of the intersection.

Nor is there any evidence in the record to support defendant's claim of plaintiff's comparative fault. Although plaintiff had the right of way, she could not proceed into the intersection blindly without regard for defendant's vehicle, but was bound to use such care to avoid collision as an ordinarily prudent person would have in the circumstances *(see, Walker v Dartmouth Plan Leasing Corp.,* 180 AD2d 952, 953). She was not, however, required to anticipate that defendant's vehicle would cross over into her lane *(see, Benedetto v City of New York,* 166 AD2d 209). There is no admissible evidence in the record that plaintiff was traveling in excess of the 40 miles per hour she testified to at her EBT and there is no evidence that her speed was excessive in the circumstances. Nor is

there any evidence that plaintiff was inattentive. She testified that she saw defendant's vehicle when she came over the crest of the hill, slowed her vehicle to a speed well below the posted speed limit and watched defendant's vehicle. Defendant suggests that plaintiff was negligent in failing to turn her vehicle or blow her horn before impact, but there is no evidence that plaintiff could have avoided the collision which occurred when defendant suddenly turned as plaintiff's vehicle was almost in the intersection. Supreme Court correctly granted plaintiffs' motion for partial summary judgment on the issue of liability *(see, Stinehour v Kortright,* 157 AD2d 899, *supra).*

Cardona, P. J., Mikoll, Crew III and Weiss, JJ., concur. Ordered that the order is affirmed, with costs.