■ RICHARD R. JONES et al., Respondents, v CHERYL L. FRASER, Appellant. [698 NYS2d 57] —Crew III, J. Appeal from an order of the Supreme Court (Dier, J.), entered October 16, 1998 in Washington County, which granted plaintiffs' motion for partial summary judgment on the issue of liability and denied defendant's cross motion for summary judgment dismissing the complaint.

On June 23, 1996, plaintiff Richard R. Jones allegedly sustained certain injuries when the vehicle that he was driving collided with a vehicle owned and operated by defendant. At the time of the accident, Jones was proceeding north on State Route 9L in the Town of Queensbury, Warren County, when he observed a vehicle that he recognized as belonging to defendant stopped in the southbound lane attempting to execute a left-hand turn. Jones reduced his speed and as he approached defendant's vehicle, defendant turned in front of him and the two vehicles collided. Defendant, who could not recall whether she had looked for oncoming traffic immediately prior to executing the turn into her driveway, pleaded guilty to failing to yield the right-of-way in violation of the Vehicle and Traffic Law.

Jones and his spouse, derivatively, thereafter commenced this personal injury action. Following joinder of issue and discovery, plaintiffs moved for partial summary judgment on

the issue of liability and defendant cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiffs' motion and denied defendant's cross motion, prompting this appeal by defendant.

We affirm, albeit for reasons other than those expressed by Supreme Court.* As defendant correctly observes, there generally is considerable reluctance to grant summary judgment in a negligence action. Here, however, defendant's guilty plea, combined with the testimonial evidence regarding the manner in which the accident occurred, was sufficient to meet plaintiffs' burden of demonstrating their entitlement to judgment as a matter of law on the issue of liability, thereby shifting the burden to defendant to tender sufficient admissible proof to raise a question of fact in this regard. This defendant failed to do.

Although defendant's guilty plea did not estop her from contending that the violation was excused or did not actually occur (see, Ando v Woodberry, 8 NY2d 165, 171), we need note only that defendant, in opposition to plaintiffs' motion, offered no such explanation or excuse (compare, McGraw v Ranieri, 202 AD2d 725, 727, with Luck v Tellier, 222 AD2d 783, 785). Additionally, while defendant argues on appeal that Jones had every opportunity to avoid the accident, we find this contention to be entirely speculative and unsupported by the record. Indeed, the case law is clear that Jones was not required to anticipate that defendant would cross over into his lane of travel (see, Forbes v Plume, 202 AD2d 821, 822). Accordingly, plaintiffs' motion for partial summary judgment on the issue of liability was properly granted.

Turning to defendant's cross motion, defendant contends that the proof conclusively establishes that Jones did not sustain a "serious injury" under any of the categories set forth in Insurance Law § 5102 (d). We cannot agree. In opposition to defendant's cross motion, Jones' treating physician submitted an affidavit wherein he averred that as a result of the June 1996 automobile accident, Jones "suffered an aggravation of his severe spinal stenosis * * * and underlying cervical spon-

---

* In granting plaintiffs' motion and denying defendant's cross motion, Supreme Court found "overwhelming evidence" that Jones had suffered, *inter alia*, a significant limitation of use of a body function or system and, hence, had sustained a serious injury within the meaning of Insurance Law § 5102 (d). In our view, although the record as a whole is sufficient to raise a question of fact in this regard and, hence, provides a valid basis upon which to deny defendant's cross motion for summary judgment dismissing the complaint (*see, infra*), we do not believe that a "serious injury" has been established as a matter of law.

dylosis and lumbosacral spine disease". Additionally, the relevant medical reports submitted in the months following the accident reflect certain objective findings, including a restriction of motion in Jones' neck in all four directions, a positive Tinel's sign in Jones' left arm, a peripheral 7th nerve palsy and a positive Romberg test. Hence, contrary to defendant's assertion, Jones' injuries do not rest solely upon subjective and unsubstantiated complaints of pain. Under such circumstances, it cannot be said that defendant established, as a matter of law, that Jones did not sustain a "significant limitation of use of a body function or system" within the meaning of Insurance Law § 5102 (d). Defendant's proof with respect to the absence of a serious injury under the "90/180-day" category is similarly deficient. Accordingly, Supreme Court's order is affirmed.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.