◼ Lori A. Vogel, Formerly Known as Lori A. Dunn, Respondent, v Frank S. Gilbo et al., Appellants. [715 NYS2d 455] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered June 28, 1999 in Essex County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

This action arises out of a two-car accident which occurred when plaintiff's vehicle attempted to make a left-hand turn and was struck by a vehicle driven by defendant Frank S. Gilbo (hereinafter Gilbo) and owned by defendant Mary L. Gilbo. Plaintiff was traveling eastbound on Tarbell Hill Road in the Town of Moriah, Essex County, when she stopped at its intersection with Plank Road, her lane being controlled by a stop sign. According to plaintiff's examination before trial testimony, after stopping at the stop sign she proceeded into the intersection to make a left-hand turn, stopped short of the turn when she saw Gilbo's vehicle enter the intersection and was hit within seconds.

Although she was uncertain as to the posted speed limit for westbound vehicles, plaintiff testified that she "thought" Gilbo was driving in excess of the speed limit. She has no memory of the impact itself. Moreover, it appears that plaintiff may not

have been wearing a seatbelt and it is undisputed that she drank between four and five beers at a friend's house in the 2½-hour period preceding the accident, several of which were consumed "immediately prior to leaving the residence." After the accident, plaintiff pleaded guilty to a violation of Vehicle and Traffic Law § 1141. Defendants moved for summary judgment to dismiss plaintiff's complaint contending that the sole proximate cause of the accident was plaintiff's conduct in improperly turning in front of Gilbo. Defendants further argued that plaintiff's failure to wear a seatbelt and conscious decision to drive while intoxicated also precluded recovery. Supreme Court denied the motion, prompting this appeal.

We find that defendants met their burden of establishing entitlement to summary judgment on the issue of liability (see, e.g., McGraw v Ranieri, 202 AD2d 725). Gilbo testified in a pre-trial deposition that he observed plaintiff's vehicle stopped at the stop sign as he approached the intersection. As he entered the intersection, however, he said plaintiff made a sudden left-hand turn into his lane of traffic. According to Gilbo, he was traveling slower than the posted 35 mile-per-hour speed limit at the point of impact. His traveling companions—one of which, we note, was plaintiff's nephew—confirmed that Gilbo was only traveling between 30 and 35 miles per hour (within the speed limit) and that he could not avoid the impact given the sudden turn by plaintiff into the westbound lane.* As the driver with the right-of-way, Gilbo was indeed entitled to anticipate plaintiff's compliance with her obligation to yield at the stop sign (see, Le Claire v Pratt, 270 AD2d 612; Matt v Tricil [N. Y.], 260 AD2d 811, 812).

To this end, we note that Vehicle and Traffic Law § 1141 requires the driver of a vehicle intending to turn left within an intersection to yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard. Plaintiff was represented by counsel when she entered a plea of guilty to this offense following the accident. This plea is an admission that plaintiff did the act charged, namely, that she entered the intersection when Gilbo's vehicle was either within it or so close as to constitute an immediate hazard (see, e.g., Ando v Woodberry, 8 NY2d 165; McGraw v Ranieri, supra). Evidence of plaintiff's guilty plea, as well as the other evidence submit-

---

* Each of Gilbo's traveling companions, who approached plaintiff's vehicle immediately after the accident to render assistance, also averred that plaintiff was not wearing a seatbelt and noted a strong smell of alcohol emanating from the vehicle.

ted by defendants concerning the circumstances surrounding the accident—particularly evidence that Gilbo was only traveling between 30 and 35 miles per hour in the 35 mile-per-hour speed zone and that plaintiff turned suddenly in front of Gilbo before he had time to avoid the crash—demonstrated that Gilbo's vehicle was so close to the intersection as to constitute an immediate hazard and that plaintiff turned left without yielding the right of way as required by Vehicle and Traffic Law § 1141. This evidence was therefore sufficient to meet defendants' burden of demonstrating entitlement to summary judgment as a matter of law on the issue of liability, thereby shifting the burden to plaintiff to raise a question of fact (*see, Jones v Fraser*, 265 AD2d 773; *cf., Anderson v Miller*, 263 AD2d 643).

Our review of the record indicates that plaintiff failed to submit competent evidence to raise a question of fact. Although plaintiff's guilty plea did not stop her from contending that the violation was excused or did not actually occur (*see, Jones v Fraser, supra*), the only explanation or excuse offered by plaintiff at her examination before trial when specifically questioned about her decision to plead guilty was her desire "to be done with it." In an affidavit in opposition to summary judgment, she further averred, without detail or explanation, that she pleaded guilty on the advice of counsel, not because she was guilty. In our view, plaintiff's explanations are insufficient to excuse the violation nor do they constitute a contention that it did not actually occur (*compare, Luck v Tellier*, 222 AD2d 783; *McGraw v Ranieri, supra*, at 725). Under such circumstances, plaintiff was clearly negligent in failing to see that which she should have seen by the use of her senses (Gilbo's vehicle within or close to the intersection) or in trying to cross in front of Gilbo when it was unsafe to do so (*see, e.g., Smalley v McCarthy*, 254 AD2d 478; *Burns v Mastroianni*, 173 AD2d 754).

To the extent that plaintiff attempts to raise an issue of fact by claiming that Gilbo was exceeding the speed limit, there is insufficient evidence of same. Plaintiff readily admitted that she had no idea what the actual speed limit was for westbound vehicles. Her supposition that Gilbo was exceeding the speed limit is pure speculation and insufficient to overcome the otherwise very specific evidence of speed offered by defendants (*see generally, Wenck v Zillioux*, 246 AD2d 717, 718). In any event, having failed to offer a sufficient explanation for her guilty plea, she has not satisfactorily rebutted defendants' showing that Gilbo was indeed *within* the intersection or *so close to it to constitute an immediate hazard* such that plaintiff

should not have attempted to turn and Gilbo could not have avoided the impact (*compare, Rice v Massalone*, 160 AD2d 861). Finally, *plaintiff's* averments—based on "simple mathematics"—relating distance and time calculations to Gilbo's alleged reaction time to avoid the accident are entirely speculative (*see, Le Claire v Pratt, supra*) and of no probative value in the absence of expert proof (*see generally, Davis v Pimm*, 228 AD2d 885, 887, *lv denied* 88 NY2d 815; *Stinehour v Kortright*, 157 AD2d 899).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the complaint; said motion granted, summary judgment awarded to defendants and complaint dismissed; and, as so modified, affirmed.