■ BARBARA J. MOORE, Appellant, v LARA P. BREMER et al., Appellants, and GEORGE L. SNYDER, III, Respondent. [720 NYS2d

270] —Rose, J. Appeal from an order of the Supreme Court (Dowd, J.), entered February 18, 2000 in Otsego County, which granted defendant George L. Snyder, III's motion for summary judgment dismissing the complaint and all cross claims against him.

One sunny afternoon as school was letting out, defendant Lara P. Bremer, who was 16 years old and the holder of a recently issued learner's permit, drove her father's car, with her father as her passenger (hereinafter collectively referred to as the Bremers), out of her high school parking lot and south along the school driveway to State Route 7, a straight and level two-lane east-west highway. Intending to make a left turn, Bremer waited there half a minute or more for traffic to clear before pulling out onto the highway. Only then did she observe the approach of a westbound car driven by defendant George L. Snyder, III. She immediately stopped her car perpendicular to and just short of the center line of the highway where it blocked the westbound lane and was struck by Snyder. Bremer was issued a traffic ticket for failure to yield the right-of-way, to which she pleaded guilty. Alleging serious injuries and defendants' negligence, plaintiff, who was Snyder's passenger, commenced this action against the Bremers and Snyder. The Bremers answered and cross-claimed against Snyder, who thereafter moved for summary judgment dismissing the complaint and cross claim. Supreme Court granted Snyder's motion, and plaintiff and the Bremers now appeal.

We affirm. The uncontroverted evidence adduced on the motion established that Snyder had the right-of-way, that he was driving his vehicle at the posted limit of 55 miles per hour until he was approximately 100 yards from the school driveway, and that when he became aware of traffic entering and exiting the driveway ahead he reduced his speed to 40 or 45 miles per hour. Snyder saw Bremer waiting at the end of the school driveway and then, as he drew closer, unexpectedly pull out in front of him and stop in his lane of travel. There is no dispute that Snyder immediately braked hard and skidded, but due to other traffic which prevented him from maneuvering to the right or left, he was unable to avoid striking Bremer's vehicle.

The Bremers and plaintiff opposed Snyder's motion by submitting affidavits of counsel and the depositions of defendants, but those documents contain no evidence of any condition that would have required Snyder to anticipate Bremer's improper entry into his lane (see, McGuirk v Vedder, 271 AD2d 731, 732-733; Anastasio v Scheer, 239 AD2d 823, 824). Nor do they offer any evidence that his reduced speed was unreason-

able for the conditions presented and should have been reduced further (*see, Wilke v Price*, 221 AD2d 846, 847; *McGraw v Ranieri*, 202 AD2d 725, 727-728). There was no evidence of any pedestrians in the roadway or that Snyder's lane had been backed up or otherwise obstructed by stopped or slow-moving vehicles prior to Bremer's entrance onto the highway. While Snyder's statement that he was only two car lengths away when the Bremer car pulled into his path conflicts with that of Bremer's father who thought Snyder was almost 100 feet away at that moment, there is simply no proof of how even the greater distance would demonstrate that Snyder's speed was unreasonable. It is not enough for the Bremers and plaintiff to argue, as they do, that Snyder's inability to stop in time to avoid the collision is itself evidence that his speed was unreasonable, for this argument would improperly impose a higher standard than reasonable care (*see, Armondi v Johnson*, 16 AD2d 712, 713). Nor do they seek to prove that Snyder failed to take evasive action once Bremer entered his lane (*see, Lucksinger v M. T. Unloading Servs.*, 280 AD2d 741 [decided herewith]). Under these circumstances, Snyder established that Bremer's failure to yield the right-of-way was the sole proximate cause of this accident (*see, Matt v Tricil [N. Y.]*, 260 AD2d 811, 812). Accordingly, summary judgment was properly granted to Snyder.

Mercure, J. P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.