■ PATRICIA LUCKSINGER, as Guardian of MICHAEL E. HATCH, an Infant, Appellant, v M.T. UNLOADING SERVICES et al., Respondents, et al., Defendant. [720 NYS2d 272] —Mugglin, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered December 6, 1999 in Rensselaer County, which granted certain defendants' motion for summary judgment dismissing the complaint against them.

This action arises out of a collision between a station wagon operated by defendant Kimberly Hatch in which Hatch's son (hereinafter the infant) was riding and a minivan owned by defendant M.T. Unloading Services and operated by defendant Michael A. Harmon. At the time of the accident, Harmon was traveling south on US Route 9 in the Town of Schodack, Rensselaer County, at a speed of approximately 50 miles per hour. Hatch, intending to go north on Route 9 from a driveway on the west side, stopped at the end of the driveway, looked for traffic, proceeded into the southbound lane of Route 9 and was immediately struck by the Harmon vehicle. Hatch pleaded guilty to failure to yield the right-of-way while entering a roadway in violation of Vehicle and Traffic Law § 1143. Following joinder of issue and discovery, M.T. Unloading Services and Harmon (hereinafter collectively referred to as defendants) moved for summary judgment dismissing the complaint against them. Supreme Court granted the motion, finding that Harmon was faced with an emergency situation and was therefore absolved from any negligence, and that the sole proximate cause of the accident was Hatch's failure to yield the right-of-way. Plaintiff appeals.

The deposition testimony clearly establishes that Harmon had the right-of-way and that Hatch had stopped her vehicle

at the end of the driveway. "[A]n operator who has the right of way is entitled to anticipate that other vehicles will obey the traffic laws that require them to yield" (*Namisnak v Martin*, 244 AD2d 258, 260). Moreover, an emergency situation is one which is "a 'sudden and unforeseen occurrence not of [the party's] own making'" (*Davis v Pimm*, 228 AD2d 885, 886, *lv denied* 88 NY2d 815, quoting *Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327). Although an emergency situation does not automatically insulate one from liability for an accident (*see, Davis v Pimm*, *supra*, at 887), it may do so if it is conclusively established that there was simply an insufficient amount of time to react to the emergency and take indicated evasive action to avoid the collision (*see, Wilke v Price*, 221 AD2d 846, 847). In support of the motion for summary judgment, defendants' expert concluded that after an allowance of 1 to 1.5 seconds for reaction time, Harmon had less than one second to avoid the accident. Supreme Court correctly calculated that plaintiff's expert would increase this time to only 1.1 to 1.6 seconds. Such short periods of time are insufficient for a defendant to take any significant evasive action (*see, id.*, at 847; *Hassett v Budget Rent A Car*, 209 AD2d 472; *Rivas v Metropolitan Suburban Bus Auth.*, 203 AD2d 349, 350).

Next, we find no merit to plaintiff's argument that because the nonparty witness could stop his tractor-trailer in the northbound lane of Route 9 before reaching the collision site, Harmon is negligent because he did not stop prior to colliding with the Hatch vehicle. There is no basis in this record upon which to fairly compare the relative speed of the tractor-trailer with the Harmon vehicle, the distances that each were from the Hatch vehicle when they first saw it or the difference in which the two drivers may have anticipated the entry of the Hatch vehicle into Route 9.

Lastly, we find no merit to plaintiff's argument that summary judgment was inappropriate because Harmon was speeding at the rate of 50 miles per hour in a 45 mile-per-hour zone. First, there is no competent evidence of the posted limit. The nonparty tractor-trailer driver testified to a posted limit of 45 miles per hour while Harmon testified to a posted limit of 55 miles per hour. Morever, even if plaintiff was exceeding the speed limit by five miles per hour, there is no evidence that this excess speed was a proximate cause of the accident. A fair reading of this record supports the conclusion that plaintiff could not have avoided the collision even if traveling at a posted speed limit of 45 miles per hour (*see, Matt v Tricil [N. Y.]*, 260 AD2d 811; *Stinehour v Kortright*, 157 AD2d 899).

Based on the evidence in this record, the inescapable conclusion is that the sole and proximate cause of this accident was the negligence of Hatch, and Supreme Court therefore correctly granted defendants' motion for summary judgment.

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.