▪ ANTHONY PESCHIERI, SR., et al., as Administrators of the Estate of PAMELA A. MISTRETTA, Deceased, Respondents, v

ESTATE OF LOUIS BALLWEBER et al., Respondents, and FRANK P. IACOBELLI, Appellant. [727 NYS2d 811] —Rose, J. Appeal from an order of the Supreme Court (Williams, J.), entered July 28, 2000 in Saratoga County, which denied the motion of defendant Frank P. Iacobelli for summary judgment dismissing the complaint against him.

Plaintiffs' decedent was killed when the motorcycle on which she was a passenger collided with a station wagon on a two-lane highway on a clear, dry summer afternoon. The motorcycle was being driven by defendant Frank P. Iacobelli and the station wagon, which was turning into a driveway, was being driven by Louis Ballweber, who subsequently died from causes unrelated to the accident. His estate and its temporary administrator have been substituted as defendants in this wrongful death action. After joinder of issue and discovery, Iacobelli moved for summary judgment dismissing the complaint against him. Supreme Court denied the motion. Iacobelli appeals and we reverse.

In support of his motion, Iacobelli submitted evidence, including his own deposition testimony and affidavits of eyewitnesses, which demonstrated that as he was proceeding northbound at the 45-mile-per-hour speed limit, the Ballweber vehicle, which had been stopped in the southbound lane, suddenly turned left across the northbound lane and that, despite Iacobelli's immediate application of the brakes and attempt to steer to the right, his motorcycle collided with the passenger side of the Ballweber vehicle. The undisputed evidence of Ballweber's failure to yield the right-of-way (see, Vehicle and Traffic Law § 1141), coupled with the undisputed evidence that Iacobelli was traveling at the speed limit with no adverse conditions or obstructions requiring a further reduction in speed, and that the Ballweber vehicle's turn in front of him was sudden and unexpected, demonstrated Iacobelli's entitlement to judgment as a matter of law and shifted the burden to plaintiffs and Ballweber's estate and its temporary administrator to raise a question of fact (compare, Vogel v Gilbo, 276 AD2d 977, 979; Jones v Fraser, 265 AD2d 773; Matt v Tricil [N. Y.], 260 AD2d 811, with Boston v Dunham, 274 AD2d 708; King v Washburn, 273 AD2d 725).

Plaintiffs submitted no evidence in opposition to the motion, opting instead to argue that a jury should be permitted to decide whether Iacobelli's conduct was reasonable in the cir-

cumstances.* The evidence establishes, however, that Iacobelli was traveling at the 45-mile-per-hour speed limit with clear visibility on a dry, straight highway and that he saw the Ballweber vehicle when it came into view. Iacobelli's inability to stop in time to avoid the collision is insufficient in and of itself to demonstrate that his speed was unreasonable (*see, Moore v Bremer*, 280 AD2d 729, 730-731). Plaintiffs' argument that Iacobelli should have reduced his speed when he saw the Ballweber vehicle waiting to make a turn is based upon their theory that Iacobelli should have anticipated the Ballweber vehicle's sudden left turn. Iacobelli, however, was not required to anticipate that the Ballweber vehicle would cross over into his lane (*see, Cohen v Masten*, 203 AD2d 774, 775, *lv denied* 84 NY2d 809; *McGraw v Ranieri*, 202 AD2d 725, 727). To the contrary, as the operator with the right-of-way, he was entitled to anticipate that other vehicles would obey the traffic laws that require them to yield (*see, Lucksinger v M.T. Unloading Servs.*, 280 AD2d 741, 742; *Matt v Tricil [N. Y.], supra*). We decline plaintiffs' invitation to impose a different obligation on Iacobelli because, as an experienced motorcycle driver, he was aware of occasions where the drivers of other vehicles had failed to yield the right-of-way to motorcycles.

Plaintiffs' additional speculation that Iacobelli could have taken other evasive action to avoid the collision, such as "lay[ing] his bike down," is unsupported by any evidence in the record (*see, McGraw v Ranieri, supra*, at 728). Inasmuch as Iacobelli's evidence demonstrated that Ballweber's negligence was the sole proximate cause of the accident, and in view of the opposing parties' failure to meet their burden to raise a question of fact regarding Iacobellil's liability, Supreme Court erred in denying Iacobelli's motion.

Cardona, P. J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Frank P. Iacobelli and complaint dismissed against him.

---

* Ballweber's estate and its temporary administrator relied upon plaintiffs' submission.