■■■ JULIE A. GALVIN, Respondent, v CHRISTINE S. ZACHOLL, Appellant. [755 NYS2d 175] —Appeal from an order of Supreme

Court, Onondaga County (Murphy, J.), entered July 8, 2002, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant's deposition testimony established that plaintiff violated Vehicle and Traffic Law § 1141 when she made a left turn directly into the path of defendant's oncoming vehicle (*see Peschieri v Estate of Ballweber,* 285 AD2d 921, 922; *Agin v Rehfeldt,* 284 AD2d 352, 352-353, *lv denied* 97 NY2d 603; *Stiles v County of Dutchess,* 278 AD2d 304, 305). There were no traffic control devices for either plaintiff or defendant, and defendant had the right-of-way. Thus, defendant met her initial burden on the motion by establishing that plaintiff "was negligent in failing to see that which, under the circumstances, [s]he should have seen, and in crossing in front of the defendant['s] vehicle when it was hazardous to do so" (*Stiles,* 278 AD2d at 305; *see Russo v Scibetti,* 298 AD2d 514; *Agin,* 284 AD2d at 353) and that she had no time to brake, sound her horn, or take any other evasive action (*see Doxtader v Janczuk,* 294 AD2d 859).

Contrary to the contention of plaintiff, her deposition testimony and opposing affidavit are insufficient to raise a triable issue of fact with respect to any comparative fault on the part of defendant. Plaintiff contends that defendant should have looked for approaching vehicles that might encroach on her right-of-way. Defendant admitted that she saw plaintiff's vehicle in the distance with its left turn blinker activated. Defendant, however, was entitled to anticipate that plaintiff would obey the traffic laws that required her to yield the right-of-way to defendant (*see Russo,* 298 AD2d 514; *Peschieri,* 285 AD2d at 923; *Agin,* 284 AD2d at 353; *Stiles,* 278 AD2d at 305; *Namisnak v Martin,* 244 AD2d 258, 260). Plaintiff further contends that there is a triable issue of fact concerning the effect of defendant's possible violation of the posted speed limit at the time of the accident. The only evidence in the record that defendant was speeding was her own testimony that she was traveling between 45 and 47 miles per hour in a speed zone of 45 miles per hour, and the affidavit and investigative report of her expert, who stated therein that she was traveling between 43 and 49 miles per hour immediately prior to the collision. Even if defendant was traveling at a speed of four

miles per hour over the posted speed limit, there was no evidence that defendant's speed was a proximate cause of the accident (*see Lucksinger v M.T. Unloading Servs.,* 280 AD2d 741, 742; *Stinehour v Kortright,* 157 AD2d 899, 900). The weather conditions were dry and sunny, and the road where the accident occurred was flat and straight. There was no evidence that defendant could have avoided the collision had she been traveling at a speed of 45 miles per hour as opposed to 49 miles per hour (*see Lucksinger,* 280 AD2d at 742; *Stinehour,* 157 AD2d at 900). Finally, plaintiff contends that certain evidence submitted by defendant in support of her motion was not in admissible form or was otherwise inadmissible. Even without considering that evidence, however, we conclude that defendant established as a matter of law that plaintiff's failure to yield the right-of-way to her was the sole proximate cause of the accident (*see e.g. Doxtader,* 294 AD2d at 860; *Peschieri,* 285 AD2d at 923; *Barile v Carroll,* 280 AD2d 988). Present—Pine, J.P., Hurlbutt, Kehoe, Burns and Hayes, JJ.