Scudder and Hayes, JJ. (dissenting):
We respectfully dissent. In our view, defendant Albert J. Urban established his entitlement to judgment as a matter of law and plaintiff failed to raise an issue of fact whether Urban was negligent. In support of the motion, Urban submitted his deposition testimony. Urban testified that he was traveling northbound on Harlem Road in the Town of West Seneca at approximately 30 to 35 miles per hour when a vehicle traveling southbound and being driven by defendant Raymond J. Cooley (Cooley) failed to yield the right-of-way and turned left in front of Urban’s vehicle. We disagree with the majority that Urban’s deposition testimony raises an issue of fact whether Urban was negligent. Urban testified unequivocally that he first observed Cooley’s vehicle when it moved into a median area that was six to seven feet wide, at which time the two vehicles were approximately two to three car lengths apart. Immediately thereafter, and without warning, the Cooley vehicle made a left turn directly into the path of Urban’s vehicle. Urban attempted to apply his brakes and turn his steering wheel to the right, but he was unable to avoid colliding with the Cooley vehicle. That testimony established that Urban could not reasonably have avoided the accident and that it was Cooley who “was negligent in failing to see that which, under the circumstances, he should have seen, and in crossing in front of the defendant[‘s] vehicle when it was hazardous to do so” (Stiles v County of Dutchess, 278 AD2d 304, 305 [2000]; see Galvin v Zacholl, 302 AD2d 965, 966 [2003], lv denied 100 NY2d 512 [2003]; Zadins v Pommerville, 300 AD2d 1111, 1112 [2002]; *902 Barile v Carroll, 280 AD2d 988, 988-989 [2001]). The facts here are strikingly similar to those in Galvin, in which we concluded that defendant was entitled to summary judgment dismissing the complaint where plaintiff crossed in front of defendant’s vehicle, despite the fact that defendant observed plaintiffs vehicle with the left turn signal activated prior to the accident. We determined that, under the circumstances, defendant “was entitled to anticipate that plaintiff would obey the traffic laws that required her to yield the right-of-way to defendant” (Galvin, 302 AD2d at 966). In our view, the majority disregards that well-established rule of law here. We would therefore reverse the order denying the motion of Urban seeking summary judgment and dismiss the complaint against him. Present— Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.