■ Mary Garvey, Plaintiff, v Nancy A. Richy et al., Defendants and Third-Party Plaintiffs-Respondents. Steve H. Schaffner, Third-Party Defendant-Appellant. [770 NYS2d 892]—

In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 7, 2003, which denied his motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the third-party complaint is dismissed, and the main action is severed.

The third-party defendant, Steve H. Schaffner, met his burden of establishing his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Based on the undisputed testimony of the parties, the subject motor vehicle accident occurred when the defendant third-party plaintiff Nancy A. Richy backed her vehicle into Schaffner's stopped vehicle. Richy failed to use such care to avoid the collision as an ordinarily prudent person would have used under the circumstances (*see McGraw v Ranieri*, 202 AD2d 725, 727 [1994]). In opposition, the third-party plaintiffs failed to demonstrate the existence of a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Santucci, J.P., Schmidt, Adams and Crane, JJ., concur.