[10 NYS3d 816]

JIMMY BARERRA, Plaintiff, v CITY OF NEW YORK et al., Defendants. (Action No. 1.)

MUHAMMAD SAEED, Individually and as Administrator of the Estate of MUHAMMAD RASHID, Deceased, Plaintiff, v CITY OF NEW YORK et al., Defendants. (Action No. 2.)

Supreme Court, Queens County, March 11, 2015

APPEARANCES OF COUNSEL

*Zachary W. Carter, Corporation Counsel*, New York City (*Nicole Brousard* of counsel), for City of New York and others, defendants.

*Law Office of Mitchell J. Rich*, Wantagh, for Jimmy Barerra, plaintiff in action No. 1.

*Lawrence Leonard*, for Muhammad Saeed, plaintiff in action No. 2.

## OPINION OF THE COURT

PHYLLIS ORLIKOFF FLUG, J.

Defendants, the City of New York, the City of New York sued herein as New York City Fire Department and Valerie Vera-Tudela, seek to serve an amended answer to assert the affirmative defense of collateral estoppel and, upon amendment, for dismissal pursuant to CPLR 3211 (a) (5) and (7).

The first branch of the motion to amend defendants' answer to assert the affirmative defense of collateral estoppel is granted. (CPLR 3025 [b]; *see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755 [1983].) Here, plaintiff will not be prejudiced or surprised by the amendment and the proposed affirmative defense is neither palpably insufficient nor devoid of merit. (*See Katz v Castlepoint Ins. Co.*, 121 AD3d 948 [2014]; *Finkelstein v Lincoln Natl. Corp.*, 107 AD3d 759 [2013].) The proposed amended answer annexed to the moving papers is, therefore, deemed served. Although movants' notice of motion and supporting papers have sought dismissal under CPLR 3211 (a) (5), both the opposition and reply papers address the request as a motion for summary judgment. Inasmuch as issue has been joined, this court will deem this branch of the motion as a request for summary judgment.

A hearing was held by the Department of Motor Vehicles (DMV) under Vehicle and Traffic Law § 510 to determine whether any registrations, licenses and/or driving privileges should be revoked as a result of a fatal accident which occurred on September 15, 2010. A determination was issued by Administrative Law Judge Robert Krengel (ALJ) on January 4,

2012. A finding was made that Vera-Tudela, the driver of an authorized emergency vehicle, was engaged in an emergency operation, and that the evidence failed to establish that she was guilty of reckless disregard for the safety of others. Based on the above finding by the ALJ, movants currently seek to preclude plaintiff from relitigating the issue in this action.

Although the doctrine of collateral estoppel may apply to administrative proceedings (see *ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208 [2011]; *Ryan v New York Tel. Co.*, 62 NY2d 494 [1984]), in order to trigger this doctrine the administrative decision must be made in a quasi-judicial setting that employs procedures similar to those in a court of law, an identity of issue must exist and a full and fair opportunity to litigate. (*Gilberg v Barbieri*, 53 NY2d 285 [1981].) At bar, the stated purpose of the hearing held before the DMV was to determine whether the revocation or suspension of a license was warranted under the circumstances. (*See Curtin v Curtin*, 244 AD2d 927 [1997]; *Rice v Massalone*, 160 AD2d 861 [1990].) The incentive to litigate this issue was not as compelling as in a civil trial (*see Smith v Brentwood Legion Serv., Inc.*, 2014 NY Slip Op 30082[U] [Sup Ct, Suffolk County 2014]), and plaintiff asserts he had not yet retained an accident reconstruction expert at the time of the hearing. Inasmuch as the ALJ refers only to the testimony of plaintiff and Vera-Tudela and the police accident report and the underlying record was not annexed to the papers, plaintiff should be provided a full and fair opportunity to litigate the issue of whether Vera-Tudela acted with reckless disregard for the safety of others in the manner she operated the ambulance. (*See Ryan v Town of Riverhead*, 2013 NY Slip Op 30038[U] [Sup Ct, Suffolk County 2013], *affd in part and mod on other grounds* 117 AD3d 707 [2d Dept 2014].)

Accordingly, the branch of the motion seeking collateral estoppel to dismiss the complaint is denied.

That part of the motion which seeks dismissal of the claim against the New York City Fire Department is granted as it is not a legally cognizable entity. (NY City Charter § 396.) All claims against the New York City Fire Department are dismissed.