◼ PANTELIS SITARAS et al., Appellants, v JAMES RICCIARDI & SONS, INC., et al., Respondents.—In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Shaw, J.), entered March 30, 1988, which, upon a jury verdict finding the plaintiff Pantelis Sitaras contributorily negligent in the happening of the accident, dismissed the case.

Ordered that the judgment is affirmed, with costs.

On April 5, 1973, the corporate defendant's fully loaded tractor trailer truck, which weighed 72,000 pounds, hit the injured plaintiff's station wagon from behind, allegedly causing personal injuries and property damage. Hector Feliciano, a police officer assigned to the Accident Investigation Squad, was called as a witness by the defendants and testified as to what he saw when he arrived on the scene shortly after the accident. Then, based upon his extensive experience in the area of accident reconstruction, acquired both before and after his retirement from the police force, Feliciano was properly qualified as an expert and was allowed to testify in that regard. In the latter capacity he opined, *inter alia,* that a truck weighing 72,000 pounds would have caused more damage to the rear end of the injured plaintiff's station wagon if it actually had overtaken the station wagon in the manner explained by the injured plaintiff. He also opined that based on his knowledge of other accidents and what he viewed at the accident scene, the injured plaintiff had made a sharp

turn crossing the path of the truck. The latter opinion corroborated the defendant driver's recollection of the accident.

Initially, we note that pursuant to New York's former contributory negligence rule, a person whose injury is due in part to his own negligence may not recover from any other party whose negligence was also a proximate cause of the injury. Although this rule is no longer the law in this jurisdiction, it must be applied to any cause of action which accrued prior to September 1, 1975 (CPLR art 14-A), and is, thus, applicable here (see, Dominguez v Manhattan & Bronx Surface Tr. Operating Auth., 46 NY2d 528, 532-533).

The injured plaintiff contends that Feliciano was improperly allowed to testify as the ultimate fact finder when he was permitted to state his opinion as to whether the accident could have occurred in the way the plaintiff testified that it happened, and to state his opinion of how the accident happened.

Because Feliciano's opinions went beyond the experience or knowledge of an ordinary jury, he did not usurp the fact-finding function of the jury. It is well established that in cases where conclusions to be drawn from the facts stated, as well as the knowledge of the facts themselves, depend on knowledge not within the range of ordinary training or experience, an expert may testify "not only to the facts, but the conclusions to which they lead" (Dougherty v Milliken, 163 NY 527, 533; People v Allweiss, 48 NY2d 40; Richardson, Evidence § 367 [Prince 10th ed]). Furthermore, "[f]or testimony regarding both the ultimate questions and those of lesser significance, admissibility turns on whether, given the nature of the subject, 'the facts cannot be stated or described to the jury in such a manner as to enable them to form an accurate judgment thereon, and no better evidence than such opinions is attainable' " (People v Cronin, 60 NY2d 430, 432-433; see also, Fed Rules Evid, rule 704; see also, DeLong v County of Erie, 60 NY2d 296, 307; Selkowitz v County of Nassau, 45 NY2d 97). At bar, although the jury may have been familiar with dents caused by accidents, it is highly improbable that after viewing the photographs admitted into evidence that they would be able to make a calculated determination regarding the extent of the damage that would be caused by a collision of a loaded tractor trailer truck weighing 72,000 pounds, on an ordinary vehicle (see generally, DeLong v County of Erie, 60 NY2d 296, supra; People v Cronin, 60 NY2d 430, supra).

The plaintiff's contention that it was error to allow Felicia-

no's opinion when Feliciano failed to state that the opinion was "made with a reasonable degree of certainty" is also meritless. It was not necessary for Feliciano to utter that phrase, as it is clear from the record that Feliciano was not speculating when giving his opinion but, rather, that he "exhibited a degree of confidence in his conclusions sufficient to satisfy accepted standards of reliability" (see, Matott v Ward, 48 NY2d 455, 459; People v Bethune, 105 AD2d 262).

We note, however, that the court erred in not allowing the plaintiff to testify on redirect examination that certain statements made by him at his examination before trial may have been the result of his misunderstanding the questions due to a language barrier (see, People v Melendez, 55 NY2d 445; Richardson, Evidence § 523 [Prince 10th ed]). This error does not require reversal as we are satisfied that the result would have been the same even if the testimony had not been improperly excluded (see, Cotter v Mercedes-Benz Manhattan, 108 AD2d 173; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 2002.02; CPLR 2002). Lawrence, J. P., Rubin, Balletta and Rosenblatt, JJ., concur.