■ STUART SALLES, as Committee for BESSIE SCHNEIDER, an Incompetent, Appellant-Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent-Appellant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered October 1, 1990, which granted defendant's motion to set aside a jury finding of liability as against the weight of the evidence, and ordered a new trial, unanimously affirmed, without costs.

Plaintiff committee seeks to recover damages for personal injuries sustained when his ward came into contact with the side of defendant's bus as she was crossing the street and the bus was making a right turn. Plaintiff's ward had received severe brain damage and was unable to participate *(Noseworthy v City of New York,* 298 NY 76). The only eyewitness was a passenger on the bus who testified that plaintiff's ward stepped off the curb outside the crosswalk, after the bus had passed through the crosswalk and walked into the side of the bus while looking in the opposite direction. Plaintiff's case was based on the testimony of an expert who reconstructed the accident and concluded that his ward stepped off the curb into the crosswalk in time for the driver to see and avoid her. The jury found both parties negligent and apportioned damages 15% against plaintiff and 85% against defendant. The court set aside the verdict as against the weight of the evidence based on the unimpeached testimony of the passenger. This was not an abuse of discretion *(see, Yalkut v City of New York,* 162 AD2d 185, 188).

"[T]he question whether a verdict is against the weight of the evidence involves what is in large part a discretionary

balancing of many factors" *(Cohen v Hallmark Cards,* 45 NY2d 493, 499).

"The fact that some of the testimony creates a factual issue does not deprive the court of the power to intervene in an appropriate case. '[I]f an absence of bona fide factual issues were required, a court would never be justified in setting aside a * * * verdict as being against the weight of the evidence and ordering a new trial' * * *

"The resolution of a motion to set aside a verdict as contrary to the weight of the evidence 'involves an application of that professional judgment gleaned from the Judge's background and experience as a student, practitioner and Judge' " *(Fuchs v Wolff,* 148 AD2d 665, 666, quoting *Nicastro v Park,* 113 AD2d 129, 135).

Nor did the court err in refusing to admit on the issue of damages, and, specifically, on the loss of enjoyment of life, speculative testimony of the ward's intention to travel to Philadelphia, since the statements were not made "under circumstances that make it probable that the expressed intent was a serious one, and that it was realistically likely that such [travel] would in fact take place." *(People v Malizia,* 92 AD2d 154, 160, *affd* 62 NY2d 755, *cert denied* 469 US 932.)

Finally, because the court did not specifically restrict its ruling to the verdict on apportionment only, the case should be remanded for a retrial on both liability and apportionment *(compare, Yalkut v City of New York, supra).* Concur—Murphy, P. J., Carro, Ellerin, Kassal and Smith, JJ.