■ STUART SALLES, as Committee for BESSE SCHNEIDER, an Incompetent Person, Respondent, v MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant. [674 NYS2d 8] —Judgment, Supreme Court, New York County (Jerome Gorski, J., and a jury), entered July 28, 1997, insofar as appealed from, finding defendant 100% liable upon retrial (178 AD2d 110), and bringing up for review an order, entered January 17, 1997, which denied defendant's motion for an order setting aside the verdict and dismissing the action, or, in the alternative, directing a new trial, unanimously affirmed, without costs.

Viewing the evidence in the light most favorable to plaintiff's ward, Bessie Schneider, and allowing for the circumstance that she was unable to testify (*cf., Noseworthy v City of New York*, 298 NY 76, 80), plaintiff has shown "facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (*Ingersoll v Liberty Bank*, 278 NY 1, 7). Schneider was well into her crossing of the avenue when defendant's bus driver commenced his turn onto the avenue at a later-than-usual point in the intersection because of a double-parked car. Such facts, in main part elicited by expert testimony reconstructing the accident on the basis of a reliable police diagram of the positioning of the bus and of Schneider's body just after the accident, fairly support an inference that she was observable by the bus driver before he had committed himself to turning

right, onto the avenue. The same facts also support an inference that she could not foresee that the bus would not continue to parallel her path across the avenue, or yield her the right of way through the intersection. On the issue of culpable conduct, defendant offers only unsubstantiated assertions that Schneider was "chargeable with seeing what was there to be seen" (*see,* CPLR 1412). We perceive no error in the court's issuance of a "crosswalk charge". Concur—Lerner, P. J., Ellerin, Rubin, Tom and Andrias, JJ.