JUANA ITHIER, Plaintiff, v KEVIN HARNDEN, JR., et al., Appellants, and GERARD FINK et al., Respondents. [787 NYS2d 806]—

Appeal from an amended order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered January 27, 2004. The amended order, inter alia, granted the motion of defendant Gerard Fink for summary judgment dismissing the complaint against him and the motion of defendant United Parcel Service, Inc. for summary judgment dismissing the complaint and the cross claim of defendants Kevin Harnden, Jr. and Harnden Transport, Inc. against it.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries she sustained when the vehicle she was driving was struck by a vehicle driven by defendant Gerard Fink, a service technician for defendant United Parcel Service, Inc. (UPS). The accident occurred when plaintiff was turning left out of a driveway, intending to proceed north on Bailey Avenue. A 14-wheel truck driven by defendant Kevin Harnden, Jr. and owned by defendant Harnden Transport, Inc. (collectively,

Harnden defendants) was traveling south on Bailey Avenue in the curb lane and the Harnden truck stopped before the driveway to allow plaintiff to pull out. Fink passed the Harnden truck in the left southbound lane and struck plaintiff's vehicle when it entered that lane.

Fink thereafter moved for summary judgment dismissing the complaint against him, and UPS moved for summary judgment dismissing the complaint and the cross claim of the Harnden defendants against it. Supreme Court properly granted the motions, and in addition also sua sponte dismissed the cross claim of the Harnden defendants against Fink. In order to meet their initial burden on the motions, those defendants "had to establish both that [plaintiff's] vehicle 'suddenly entered the lane where [Fink] was operating [his vehicle] in a lawful and prudent manner and that there was nothing [Fink] could have done to avoid the collision' " (*Fratangelo v Benson*, 294 AD2d 880, 881 [2002], quoting *Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822 [2000]). Fink and UPS met that burden, and the Harnden defendants failed to raise a triable issue of fact. There is no evidence in the record to support the contention of the Harnden defendants that Fink should have anticipated plaintiff's sudden entry into his lane of travel (*see Moore v Bremer*, 280 AD2d 729, 730 [2001]; *Anastasio v Scheer*, 239 AD2d 823, 824 [1997]) or that he could have applied his brakes, sounded his horn or taken other evasive action (*see Galvin v Zacholl*, 302 AD2d 965, 966 [2003], *lv denied* 100 NY2d 512 [2003]). Finally, the court properly concluded that the speculation of plaintiff and Kevin Harnden, Jr. regarding the speed at which Fink was traveling was insufficient to raise an issue of fact (*see Vogel v Gilbo*, 276 AD2d 977, 979 [2000]), particularly in view of their own deposition testimony that they did not observe Fink's vehicle prior to the collision. Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.