PATRICIA M. BULMAN, as Administrator of the Estate of JEFFREY D. BULMAN, Deceased, Appellant, v P & R ENTERPRISE et al., Respondents. [794 NYS2d 765]—

Appeal from an order of the Supreme Court, Monroe County

(Robert J. Lunn, J.), entered June 1, 2004. The order granted defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action to recover damages for the wrongful death and conscious pain and suffering of decedent resulting from a collision between decedent's snowmobile and a vehicle owned and operated by Paul J. Wagner (defendant). Supreme Court erred in granting defendants' motion for summary judgment dismissing the complaint. Although defendants met their initial burden on the motion, the affidavit of plaintiff's accident reconstruction expert raises triable issues of fact whether the accident occurred in the manner described by defendant (*see Sitaras v James Ricciardi & Sons*, 154 AD2d 451, 452 [1989], *lv denied* 75 NY2d 708 [1990]; *Soulier v Hughes*, 119 AD2d 951, 953 [1986]). Contrary to the contention of defendants and the conclusion of the court, the opinions of plaintiff's expert are neither speculative nor conclusory (*see Sitaras*, 154 AD2d at 453; *cf. Rachlin v Volvo Cars of N. Am.*, 289 AD2d 981, 982 [2001]; *Terwilliger v Dawes*, 204 AD2d 433, 434 [1994]). Further, we are reluctant to uphold an award of "summary judgment against a plaintiff in a wrongful death action since the plaintiff is not held to as high a degree of proof as where an injured plaintiff can himself describe the occurrence" (*Zibbon v Town of Cheektowaga*, 51 AD2d 448, 450 [1976], *appeal dismissed* 39 NY2d 1056 [1976]; *see Walsh v Town of Cheektowaga*, 237 AD2d 947, 948 [1997], *lv dismissed* 90 NY2d 889 [1997]). Viewing the evidence in the light most favorable to plaintiff (*see Renda v Frazer*, 75 AD2d 490, 495-496 [1980]) and allowing for the fact that decedent cannot testify (*see Noseworthy v City of New York*, 298 NY 76, 80 [1948]), we conclude that, through the affidavit of her expert, "plaintiff has shown 'facts and conditions from which the negligence of [defendants] and the causation of the accident by that negligence may be reasonably inferred'" (*Salles v Manhattan & Bronx Surface Tr. Operating Auth.*, 250 AD2d 548, 548 [1998], *lv denied* 92 NY2d 817 [1998], quoting *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]). Present—Pigott, Jr., P.J., Green, Kehoe, Martoche and Hayes, JJ.