■ Boris L. Greenberg, as Administrator of the Estate of Alexander Greenberg, Deceased, Respondent-Appellant, v Pauline D. Nolan et al., Respondents, and Town of Amherst, Appellant, et al., Defendant. [861 NYS2d 883]—

Appeal and cross appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered March 20, 2007 in a wrongful death and personal injury action. The order, insofar as appealed and cross-appealed from, denied the motion of defendant Town of Amherst for summary judgment dismissing the complaint and cross claims against it and granted that part of the motion of defendants Pauline D. Nolan and Rides Unlimited of Niagara, Inc. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for the wrongful death and conscious pain and suffering of decedent resulting from a collision between a vehicle

operated by decedent and a bus owned by defendant Rides Unlimited of Niagara, Inc. (Rides Unlimited). The bus was operated by defendant Pauline D. Nolan on a two-lane road maintained by defendant Town of Amherst (Town). According to plaintiff, the collision occurred after a significant elevation differential between the roadway and the shoulder of the roadway caused decedent to lose control of the vehicle he was operating, whereupon that vehicle crossed into the lane of travel of the oncoming bus operated by Nolan. Plaintiff further alleged that the road was negligently maintained by the Town, and that Nolan was negligent in her operation of the bus.

We reject the contention of the Town on its appeal that Supreme Court erred in denying its motion for summary judgment dismissing the complaint and all cross claims against it. Contrary to the Town's contention, prior written notice of the dangerous condition of the roadway pursuant to Town Law § 65-a (1) was not required inasmuch as the Town " 'acted affirmatively to create the dangerous condition' " (*Steuer v Town of Amherst*, 300 AD2d 1104, 1105 [2002]). We further conclude that the Town failed to meet its burden on the motion by establishing that it was free from negligence in its maintenance of the road and that, in any event, plaintiff raised an issue of fact to defeat the Town's motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We reject the contention of plaintiff on his cross appeal that the court erred in granting that part of the motion of Nolan and Rides Unlimited for summary judgment dismissing the complaint against them. Nolan and Rides Unlimited met their burden on their motion by establishing as a matter of law both that the vehicle operated by decedent suddenly entered the lane where Nolan was operating the bus in a lawful and prudent manner and that there was nothing she could have done to avoid the collision, which occurred when the vehicle driven by decedent spun out of control and entered her lane of travel (*see Ithier v Harnden*, 13 AD3d 1204, 1205 [2004]; *Wasson v Szafarski*, 6 AD3d 1182 [2004]; *Studer v Whitsell*, 302 AD2d 1009 [2003]). "Viewing the evidence in the light most favorable to plaintiff . . . and allowing for the fact that decedent [in this wrongful death action] cannot testify" (*Bulman v P & R Enter.*, 17 AD3d 1139, 1140 [2005]), we conclude that plaintiff failed to submit evidence sufficient to raise an issue of fact whether Nolan was negligent (*see Wasson*, 6 AD3d at 1183). Indeed, plaintiff "has [not] shown facts and conditions from which the negligence of [Nolan] and the causation of the accident by that negligence may be reasonably inferred" (*Bulman*, 17 AD3d at

1140 [internal quotation marks omitted]). Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.